## The City of Kansas v. Corrigan, *Appellant.*

1. **City of Kansas: STREET RAILWAYS: ORDINANCE.** Section one of the ordinance of June 29, 1880, of the City of Kansas, relating to street railways, does not require such railways, or any officer thereof, to pave the street on which their cars are operated.

2. **Misdemeanor: OFFENCE, WHAT NECESSARY TO CONSTITUTE.** There can be no offence or misdemeanor, except as the result of the violation of some duty plainly imposed by a competent law-making power.

3. **Ordinance: STREET RAILWAY COMPANY: CONTRACT.** Where an ordinance of a city, which grants to a horse railway company the privilege of using its streets, requires such railway to keep portions of the street, on which it operates, in good repair, the city cannot, by a subsequent ordinance, compel the company to pave such portions of its street with specified materials, or punish any

one concerned for operating the cars of the company, where the paving was not done. Such later ordinance would be an interference with the contract between the city and the railway as contained in the ordinance granting the latter its franchise.

*Appeal from Jackson Criminal Court.*—HON. H. P. WHITE, Judge.

REVERSED.

For briefs of counsel in this case see 85.Mo., p. 263.

SHERWOOD, J. — This proceeding was instituted against the defendant before the city recorder, by information based on an ordinance of the City of Kansas, bearing date June 29, 1880, as follows:

"Section 1. No person, company, or corporation, nor any person as president, superintendent, or other officer, or agent of any street or horse railroad company or corporation, shall keep, use, or maintain any street or horse railroad track, or part of a track upon any street, or part of a street, in the City of Kansas, which said street or part of a street, is now, or hereafter may be paved with blocks of stone, wood, granite, or other material, unless the space between the rails of such tracks, and, also, the space adjoining and on the outside of such rails for the distance of eighteen inches in width, shall be daved with like blocks of stone, wood, granite, or other material, in the same manner, and for the same distance, lengthwise, that the balance of the street, or part thereof, may be paved."

The information conforms to the ordinance, and charges that the defendant, as president of the Jackson County Horse Railroad Company, did keep, operate, and maintain a horse railroad of that company on a certain street in the city, without first having paved and caused to be paved the space between the rails of the track of that railroad with certain specified material. Being tried, the defendant was found guilty and a fine

assessed against him of one hundred dollars. A like result followed on appeal to the criminal court and defendant appeals here.

This ordinance does not make it the duty of any horse railroad company, or any officer, or servant thereof, to pave the street whereon its cars are operated; and, generally speaking, anything in the nature of an offence or misdemeanor can have no existence, except as the result of the violation of some plainly imposed duty or rule of action prescribed by a competent law-making power. As the ordinance in question prescribes no such duty as the paving of streets by horse railroad companies, it is needless to urge so plain a proposition, as that, no duty required by the ordinance having been violated by the company, no offence could be committed by such company, its officers, or servants, when pursuing their ordinary avocation. In a word, the ordinance proposes to punish that which it has not required to be performed. 1 Bouv. Law Dict., 456, Tit. Crime.

But there are other reasons why the conviction herein cannot stand. The ordinance in question contravenes those provisions which were incorporated in the city charter in 1874, whereby the common council may, by ordinance, direct and control the construction of street railways, and require railroad companies to pave and keep in repair a certain space in the streets over which they are operated; but the same section of the charter contains the express proviso, that "this section shall not be construed to authorize the city council *to amend or in any manner interfere with* the franchises heretofore granted to any street or horse railroad company in said city." Sec. 8, art. 3. The franchises of the corporation, of which the defendant is president, were granted March 29, 1869, by reason of the ordinance of that date and its acceptance by the Jackson County Horse Railroad company. The fourth section of that ordinance only required that "the space between the rails

of said track and the street, for a space of two feet on either side and along the line of said track, and, also, all street crossings along the line of said street railroad, shall be kept and maintained in good repair by said railroad company." The results flowing from this ordinance and its acceptance was the creation of a contract by and between the city and the accepting company, which contract the city could not, by any subsequent ordinance, affect or impair. The city, under the terms of the contract-creating ordinance, might compel the company to keep and maintain the specified portions of the street "*in good repair*," but beyond this the city authorities could not go, nor the company be compelled to do or perform. These points were thus expressly ruled at the last term of this court, where the obligatory force of the same ordinance underwent extended discussion. *State ex rel. City of Kansas v. The Corrigan Consolidated Street Railway Company*, 85 Mo. 263.

As, under the ordinance of 1869, the city council could do no more than require the company to keep portions of the street "in good repair," it stands to reason that any subsequently passed ordinance requiring the company to pave such portions of the street with certain materials, or to punish any one concerned for operating the cars of such company on such street, where the paving required was not done, is not and cannot be, while contracts are respected, and vested rights regarded of any legal force or validity whatsoever.

We reverse the judgment and discharge the defendant. All concur.