IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

203
e206    1
1 69

## Williamsport to use, Appellant, *v.* Williamsport Passenger Railway.

*Street railways—Paving streets—Act of April* 15, 1863, *P. L. of* 1864, *page* 1080, *incorporating Williamsport Passenger Railway.*

Under the Act of April 15, 1863, P. L. of 1864, page 1080, incorporating the Williamsport Passenger Railway, the railway company is under no liability to pave the streets traversed by the line of its road.

The Williamsport Passenger Railway Company cannot be held liable for the cost of paving a street because it had knowledge of the contract between the city and the paving company which did the work, or because its officers conferred with the highway committee of the city as to the grade, or because it paid under protest the cost of paving part of the street.

Argued March 18, 1902. Appeal, No. 27, Jan. T., 1902, by plaintiff, from judgment of C. P. Lycoming Co., March T., 1898, No. 377, on verdict for defendant in case of Williamsport to use of Sicilian Asphalt Paving Company of New York v. Williamsport Passenger Railway Company. Before MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit to recover the cost of paving a street with asphalt. Before METZGER, P. J.

At the trial it appeared that the defendant company was incorporated under the Act of April 15, 1863, P. L. of 1864, page 1080.

VOL. CCIII—1                                        (1)

The court charged in part as follows:

[It does not appear from the evidence that the Williamsport Passenger Railway Company were consulted about this contract, or had any notice whatever of the making of the contract prior to the making thereof. It does not appear that there ever was any formal notice even afterwards served on the defendant, Passenger Railway Company, as to its contract. It may be they had a knowledge of it, I do not know, but there was no formal notice served on them in reference to this contract. Now, their liability, in my judgment, as the evidence in this case stands, depends principally upon how you construe the charter—whether under the charter of this company the city of Williamsport had any power to bind them by any such contract as that in controversy here. The charter does provide, and all that it does provide upon the subject of this street, is, that the railway company shall conform to the grades of the city given by the city, and also that the city can regulate the grading and culverting, etc., and in a separate section, the 9th section, it provides substantially that the street shall be kept in repair by the Williamsport Passenger Railway Company. There is nowhere in this charter any intimation that the railway company is either to pave this street or to put the street in repair. They are simply, if they are to do anything, and that is a question not necessary to decide here, whether they are liable to keep it in repair, but if liable they are only liable to keep it in repair when put in repair by the city. That is the liability under the charter. It would seem plain, therefore, even if it was an open question, if it had not been settled by the Supreme Court, that there could be no recovery in this case by reason of the charter. In other words, there would be no charter liability on the part of the defendant to pay this claim because there is no pretext, and not a scintilla of evidence in this case to show they attempted to make any repairs. The work done was the laying of a new pavement, which was entirely different from any that had been laid there before, and that cannot by any means be construed to be ordinary repairs, or restoring a street to its former condition. They did not attempt to do that; they made a new street. They put it into an entirely different condition from what it ever had been by placing thereon a new pavement of a different kind. Hence, as far as that question is concerned,

the defendant is not liable to pay for a new pavement by virtue of the charter.] [1]

[Another question is raised: They say they affirmed this contract. I know of no act of affirmance, unless it would be the fact that one portion of the paving on this street was paid for by a check of the manager of the Williamsport Passenger Railway Company. Now, whether the manager of the Passenger Railway Company paid that check by authority from the company or not does not appear in evidence, but it does appear that when he paid it he paid it under what might be termed a protest; that is, he claimed that this payment should be without prejudice, and he gave them notice in the letter inclosing that the liability of the Passenger Railway Company to do the paving might be contested by the company. Taking it altogether, and the fact that there is not a scintilla of evidence as to the circumstances under which he paid that check, and it being evident there was no meeting of the board of directors authorizing him to do it, because that is almost positively proven by their own witnesses, that there was no such meeting, I could not say to you that his paying it in the way he did establishes an affirmance of that contract. He certainly could not have made a contract of that kind himself, and if he could not have made such a contract, I do not see any act that the manager could have done by which he could have bound this company unless he had some authority. But taking all the evidence on that subject, we think there is not sufficient here to prove any ratification of this contract.] [2]

Verdict and judgment for defendant.

On motion for new trial, MITCHELL, P. J., filed the following opinion:

This was an action brought to recover the cost of paving laid on a portion of West Third street, between and for eight inches on either side of the rails of the Williamsport Passenger Railway Company. The paving was a new paving, consisting of a hydraulic concrete cement base and a wearing surface of Trinidad sheet asphalt. The paving was laid under a contract entered into September 5, 1893, by the use plaintiff in the present case and the city of Williamsport, and this contract was made in pursuance of an ordinance of the city of Williamsport, which

was approved August 5, 1893.    The defendant was not party
to the contract.    On the trial of the case a verdict was found
by the jury in favor of the defendant, under directions of the
court.

The sole reasons urged in support of the motion for a new
trial are :

1. That the plaintiff is entitled to recover if the defendant
had knowledge that plaintiff was proceeding to lay the pave-
ment above specified at defendant's expense, and defendant
did not in any way repudiate the implied contract.

2. If even unauthorized agents of the defendant agreed to
the contract and matters inseparably connected therewith, and
this agreement was adopted and acted on by the defendant, the
liability of defendant should have been submitted to the jury.

3. If even acts of unauthorized agents were not adopted
formally by the defendant, yet if defendant ratified the con-
tract by accepting the work done by plaintiff and made pay-
ments on account of the contract, it is liable.

It must be borne in mind that under the charter of the de-
fendant it is not liable for paving or repaving streets occupied
by its tracks, or any portion of them, but only for keeping the
streets in repair, and that the work done by the defendant was
a paving and not a repairing.    The paving company had, there-
fore, no right to expect the defendant to pay it for any portion
of the work it did under its contract with the city, and the city
had no right to act as agent for the defendant.

Turning, then, to the first reason urged in support of this
motion, it seems impossible for any act done by the defendant
to have injured the plaintiff, or caused it to assume any re-
sponsibility which it otherwise would not have assumed.    The
contract between the city and the paving company was an en-
tire contract, entered into September 5, 1893.    Under this con-
tract the paving company became responsible for paving the
entire portion of West Third street, including the portion for
the paving of which it seeks to recover from the railway com-
pany in this action.    The acts of the defendant, or its agents,
which the plaintiff relies upon to estop the defendant from
contesting its liability, were all done subsequent to the making
of this contract; in other words, subsequent to the time when
the responsibilities of the plaintiff had been fixed, and when

no act of the defendant could induce it to change its position. No difference what the passenger railway company did, the city of Williamsport, under the contract, would have compelled the paving company to pave the portion of the street in dispute.

In reference to the second reason urged in support of the motion, it should be remembered that under its charter the defendant is obliged to conform to all grades established by the city. The endeavor to so conform would seem to satisfactorily account for the meeting of Messrs. Emery and Lawshe, members of the executive committee of the railway company, with the highway committee of councils, and the change in the depth of excavation and height of rails made by the company in pursuance of the discussion at such meeting.

Nor do the acts of the defendant appear to the court to have amounted, singly or together, to a ratification of the contract between the city and the paving company, or, rather, to an agreement that the defendant should be liable for its portion of the pavement as contended for by the plaintiff. The defendant did pay the plaintiff for paving between its tracks on another portion of West Third street, and for pavement which was laid under the same contract between the plaintiff and the city. At the time of making this payment, however, it took every precaution to advise the plaintiff that the payment must in nowise be regarded as an admission of liability for any other portion or any other paving done under the same contract. This warning applied to both payments made by the defendant, or, rather, to both instalments of one payment which was made by it. By these payments the plaintiff was certainly not misled or deceived or induced to change its position. Whether they were made or not, the plaintiff would have been compelled to finish all the paving, as it subsequently did under its contract with the city. And the attitude of the defendant throughout, instead of being calculated to make the plaintiff believe that the defendant had ratified the contract with the city, or would be responsible for any portion of the paving laid under that contract, were of a character planned to warn the plaintiff that the defendant admitted no liability on its part, and would use every means it deemed reasonable to avoid payment.

Now, December 31, 1901, the motion in arrest of judgment and for a new trial is overruled.

*Errors assigned* among others were (1, 2) above instructions, quoting them.

*John G. Reading*, of *Reading & Allen*, with him *John K. Hays*, for appellant.

*C. LaRue Munson*, with him *Henry C. McCormick*, *Addison Candor* and *Seth T. McCormick*, for appellee.

PER CURIAM, May 19, 1902:

This judgment is affirmed on the opinion of the court below refusing a new trial.