## CITY OF DULUTH v. DULUTH STREET RAILWAY COMPANY.[1]

July 15, 1927.

No. 26,058.

**Language of defendant's franchise respecting paving construed.**

1. Defendant's franchise duty with respect to paving applies "in case" the city of Duluth "shall at any time pave or otherwise improve the surface of any street along which said railway may run." That language refers to any repaving as well as to the first paving of a street occupied by defendant's tracks.

[1]Reported in 215 N. W. 69.

**No duty to pay whole cost of repaving because required to keep space between tracks in proper repair.**

2. Under a franchise imposing the duty on a street railway company, whenever a street is paved or otherwise improved, "to pay only so much of the expense of paving the street as is made extra by reason of said railway," there is no duty to pay the whole cost of repaving solely because another section of the franchise imposes a duty to keep the inter-track space in "proper repair."

Repair, 34 Cyc. p. 1336 n. 57.
Street Railroads, 36 Cyc. p. 1405 n. 17.

See note in 10 A. L. R. 930; 25 R. C. L. 1173, 1174; 4 R. C. L. Supp. 1624; 6 R. C. L. Supp. 1507.

Plaintiff appealed from an order of the district court for St. Louis county, Kenny, J., denying its motion for a new trial. Affirmed.

*John B. Richards*, City Attorney, and *Bert W. Forbes*, Assistant City Attorney, for appellant.

*Washburn, Bailey & Mitchell*, for respondent.

STONE, J.

Action by the city of Duluth to recover the whole cost of repaving the space between the rails of the double tracks of defendant, Duluth Street Railway Company, on Superior and Second streets. The job is complete and the whole cost has been paid by the city. Defendant admits liability for the extra expense due to the presence of its tracks. For that, the decision below awarded judgment for plaintiff, but denied it anything additional. The appeal is by plaintiff from the order denying its motion for amended findings and judgment accordingly or, in the alternative, for a new trial.

Decision was reached below and must be here by construing §§ 6 and 10 of c. 200, Sp. L. 1881 (Extra Session) [p. 212], the same being entitled "An act confirming (sic) certain rights upon the Duluth Street Railway Company." That act is defendant's franchise. Section 6 requires its tracks to be in conformity with established street grades and provides that

"in case said village [now city] shall at any time pave or otherwise improve the surface of any street along which said railway may run, said company shall pave or otherwise improve the space between the rails of their tracks unless otherwise provided by the village council, so that it shall substantially correspond with the improvement of the street outside said tracks, *except that in case other than animal power is used; the company shall be required to pay only so much of the expense of paving the street as is made extra by reason of said railway.*"   [The italics are ours.]

Section 10 includes this provision:

"said company shall keep the space between the rails in proper repair so as not to interfere with travel over the same, and shall keep the same in proper order as to cleanliness at its own cost and expense."

The franchise speaks from a time when street cars were still drawn by horses or mules, but when the substitution of electrical power was in prospect. The idea is plainly apparent in § 6 that, as long as the use of animal power continued, both paving and repaving of inter-track space should be at the expense of the company. It was foreseen that when animal gave way to mechanical power the only traffic wear on inter-track paving would come from other vehicles than street cars, and accordingly that less should then be required from the street car company. The wear from the tread of the car horses removed, it was apparently thought, and justly so, that it would not be right to require the defendant to place paving for which it would have no use or replace that which it did not wear out. In consequence, it was ordained that the passing of animal power would absolve the defendant from the burden of inter-track paving, except "only so much" thereof as should be "made extra by reason of said railway." For the city, it is conceded that such was the intention with respect to the first paving of a street, but that defendant's duty under § 10 to keep in repair requires it to repave the inter-track space.

1.  Defendant's obligation with respect to paving is effective "in case said village shall at any time pave or otherwise improve

the surface of any street along which said railway may run." "At any time pave" plainly includes not only the first but also any subsequent paving. To make a provision so qualified applicable only in case of initial paving, as distinguished from repaving, would place a restriction where plainly none was intended. It would be to amend the statute rather than construe it. So we must hold that § 6, standing alone (the use of animal power having been abandoned long ago), now imposes upon defendant the duty to pay, not only in the case of initial paving but also in that of repaving, "only so much of the expense  *  *  *  as is made extra by reason of said railway." The construction contended for by the city would thwart the plain intent of defendant's franchise, that while it continued the use of animal power it should bear the whole cost of inter-track paving, but after its abandonment it should stand *only* the extra expense due to the presence of its tracks. So, unless we can find something else in defendant's franchise compelling a contrary conclusion, the decision under review is right.

2.  Resorting to § 10, it is argued that when a pavement becomes so worn out that it must be replaced the obligation to keep in repair can be met only by repaving the inter-track space or reimbursing the city where, as here, it does the whole job. It is an insurmountable obstacle to that argument that to construe § 10 as it demands would nullify the plain provision of § 6, that in case of any paving (animal power not being used) the defendant is to pay *only* the extra expense due to its tracks. Section 6 clearly intends that result, and the requirement of § 10 to keep in proper repair can be construed so as to be entirely consistent with § 6 by the simple expedient of giving to "repair" its ordinary meaning of making good defects, however caused, by something short of replacement or reconstruction. Plainly, therefore, it must be so construed. Any other interpretation would introduce conflict where harmony was intended.

Webster defines "repair" to mean the restoration to a sound or good state after decay, injury, delapidation, or partial destruction. The duty to repair streets or paving, imposed by charter or

ordinance, was held not to include the duty to repave in the following cases: Cleveland Ry. Co. v. City of Cleveland, 97 Ohio St. 122, 119 N. E. 202; State ex rel. v. Corrigan C. St. Ry. Co. 85 Mo. 263, 55 Am. R. 361; City of Kansas v. Corrigan, 86 Mo. 67; Western P. & S. Co. v. Citizens St. R. Co. 128 Ind. 525, 26 N. E. 188, on reargument, 28 N. E. 88, 10 L. R. A. 770, 25 A. S. R. 462; Board of Freeholders v. Jersey City H. & P. St. Ry. Co. 85 N. J. L. 179, 88 A. 1061; Hurley v. City of Trenton, 66 N. J. L. 538, 49 A. 518; Dean v. City of Paterson, 67 N. J. L. 199, 50 A. 620; Jersey City v. Public Service Ry. Co. 101 N. J. L. 341, 129 A. 482; Williamsport v. Williamsport Pass. Ry. Co. 203 Pa. 1, 52 A. 51 (with which compare Reading v. United Tr. Co. 202 Pa. 571, 52 A. 106); United Railways & Elec. Co. v. Baltimore, 121 Md. 552, 88 A. 617. Some cases contra are cited in City of Duluth v. Duluth St. Ry. Co. 137 Minn. 286, 163 N. W. 659, 10 A. L. R. 904.

In City of Superior v. Duluth St. Ry. Co. 166 Wis. 487, 165 N. W. 1081, the franchise of this very defendant in the city of Superior was construed. It requires defendant to pay, in the case of track operated by other than animal power, "only so much of the expense of paving the street as is made extra by reason of such track." That language was held to mean that whenever new pavement was laid the company could be charged only with the extra cost resulting from the presence of its tracks as distinguished from the entire cost of repaving between the rails. Another provision, similar to that in § 10 of its Duluth charter, required defendant to keep the space between the rails in suitable order or repair. It was held to relate only to the duty to repair as distinguished from the duty to pave or repave.

The learned city attorney says that his position has been induced by the opinion in the "Ninth Street case," City of Duluth v. Duluth St. Ry. Co. 137 Minn. 286, 163 N. W. 659, 10 A. L. R. 904. That may well be, particularly if there has been a failure to discriminate between decision on the one hand and supporting argument on the other. The sole issue there was whether defendant was liable for the cost of an extra ten feet of paving made necessary solely by its

tracks. The district court found that it was so liable and the decision was affirmed here. Where lay the burden of paving, repaving or repairing inter-rail space was not in issue, even collaterally. Authorities said to construe "provisions for repair to include repaving" were gone into quite at length without meeting at all the argument that in this case any such construction of § 10 was untenable because of its resulting conflict with that portion of § 6 limiting defendant's liability for paving or repaving (animal power being abandoned) to the extra cost due to the presence of its tracks. The opinion in the former case must be limited in effect to the one point decided, which was defendant's liability for an extra width of paving made necessary solely by the presence of its railway. In similar fashion, this opinion must be confined in effect to the precise and only point decided. It is that defendant's duty to keep paving in repair does not obligate it to repave in the face of the provision of its franchise imposing on it the duty to pay, in the case either of paving or repaving, "only so much of the expense * * * as is made extra by reason" of its railway.

It is true that franchises are to be construed strictly against the grantees and that provisions exempting from the cost of paving "are not lightly to be read into a contract between a state and a public utility." Fort Smith L. & T. Co. v. Board of Improvement, 274 U. S. 387, 47 S. Ct. 595, 71 L. ed. 665. In pari passu are clear provisions limiting the obligation of the utility. They are not lightly to be read out. That, we think, has been attempted here. No rule of construction, however strict, permits resort to construction merely to create ambiguity and conflict and thereby justify further construction in their removal. Between §§ 6 and 10 of defendant's franchise, in the light of the ordinary meaning of their words, there is no conflict, and we decline to make one by giving to the repair clause of § 10 the strained meaning for which the city contends.

Order affirmed.