| | |
|---|---|
| 148 | 87 |
| 177 | 378 |

## Norristown, Appellant, *v.* Norristown Passenger Railway Co.

| | |
|---|---|
| 148 | 87 |
| d202 | ²572 |
| 202 | ²574 |

## Norristown, Appellant, *v.* Citizens Passenger Railway Co.

| | |
|---|---|
| 148 | 87 |
| 206 | ² 70 |

*Passenger railways—Borough ordinance—Contract.*

When an act of assembly incorporating a city passenger railway provides that permission must be obtained from the local authorities, who can prescribe reasonable conditions, before the road is constructed, the municipal ordinance passed under the authority of the act and accepted by the company, becomes the contract between the railway company and the municipality.

*Obligation to repair streets.*

A borough ordinance provided that a railway company should reconstruct the streets upon which its tracks were laid with the same kind of material used by the borough authorities in the remaining portions of said streets, between its tracks and at least one foot additional on the outside of each of the rails, and keep the same in good order and repair.

*Held,* that the company was obliged, after laying its tracks, to " reconstruct " the street once, and thereafter to keep it in good order, but not obliged to put down a new and improved pavement on demand of the borough authorities.

Where an ordinance required a railway company to repave, using material for the purpose furnished by the municipal authorities, unless such material be, in fact, furnished, no recovery can be had against the company for repaving, which was done by the municipality upon the company's failure to do it on demand.

*Constitutional law—Constitution of Pennsylvania, article III, sections 6 and 7.*

The provisions of the constitution prohibiting the passage of any local or special law "regulating the affairs of counties, cities, townships, wards, boroughs or school districts," or "providing or changing methods for the collection of debts or the enforcing of judgments," and declaring that "no law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only," apply to borough ordinances as well as acts of assembly. The borough councils cannot do what the legislature is forbidden to do, nor does the agreement of the licensees under the ordinance mend the matter.

Argued Feb. 3, 1892.   Appeals, Nos. 180 and 181, Jan. T., 1892, by plaintiff, from judgment of C. P. Montgomery Co., March T., 1890, Nos. 31 and 33, for defendants, non obstante veredicto.   Before PAXSON, C. J., GREEN, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit to recover the cost of repaving streets.

In these cases the court below directed a verdict for the plaintiff, reserving the question as to whether there was any evidence in the case under which the plaintiff could recover.

Subsequently, on motion for a new trial and judgment non obstante veredicto the court entered judgment for defendants, WEAND, J., filing opinions as follows:

NORRISTOWN v. NORRISTOWN PASSENGER RAILWAY CO.

"This action was brought to recover certain charges incurred by plaintiff in paving a street in Norristown, and for which it is claimed the defendant is liable.   After the testimony necessary to an understanding of the case had been introduced, it was found that the case resolved itself into a mere question of law, and the court thereupon directed judgment to be entered for plaintiff, reserving the question of plaintiffs' right to recover.

"In the ordinance, by which defendant was allowed to occupy the street, occurs this provision: 'That said railway company shall reconstruct the said streets upon which said

railway tracks are laid with the same kind of material used by the said borough authorities in the remaining portion of said streets between said tracks, and at least one foot additional on the outside of each of the rails of said company, and keep the same in good order and repair throughout the entire length thereof. And provided, etc., that, in the event of said railway company using any street not macadamized by said borough, in that event, the said railway company shall use the material furnished by the said borough authorities in constructing the same between the tracks of the said company, and for at least one foot outside of each and every rail of said company, and thereafter keep the same in good order and repair throughout the entire length thereof; but nothing herein contained shall be construed to compel the borough authorities to macadamize or grade any street, or furnish any material to said company to macadamize any street between the tracks of said company, until said borough directs all of the said street to be macadamized.'

" This ordinance was accepted by the defendant, and thereafter became the contract between the parties. At the time of its passage and acceptance the intersection of Main and DeKalb streets was macadamized with crushed cinder and limestone. The defendant company, after completing its road, reconstructed the street with the same material then used by the borough. Subsequently the borough authorities determined to pave the intersection of said streets with Belgian blocks, and after notice to defendant, and upon their neglect to do so, the borough performed the work, and now seeks to recover from defendant a share of the cost.

" On the part of defendant it is contended that the ordinance only requires them to reconstruct or rebuild the street once and in the manner it was when the railway was built, and thereafter keep it in repair. On the other hand, the contention of the borough is that this duty devolves upon the defendant as often as the borough may see fit to change the character of the street. The ordinance is loosely and inartificially drawn, and some parts of it can scarcely be explained; but it is our only guide to ascertain the rights of the parties to it.

" The first duty of the defendant was to reconstruct the streets used by them. To 'reconstruct' means to construct

again—to rebuild. Does this mean once or as many times as the borough may see fit to change the character of the street? If I agree to reconstruct a house burned down, is not my obligation fulfilled when I once restore it to its original condition? In construing an ordinance or agreement of this kind words are to be used in their usual and ordinary acceptation, and as consistent as possible with the understanding of the parties at the time.

" It was manifest that in building their road the defendants would be compelled to tear up the street. The borough is charged with the duty of keeping the streets in good order and condition. For the privilege thus granted of occupying the street the borough required that it should be under no expense to restore it or thereafter to keep that part between the tracks in repair. It, therefore, stipulated that the defendant should reconstruct said streets with the same kind of material used in the remaining portion of said streets, and keep the same in good order and repair throughout the entire length thereof. The plain reading of the ordinance requires this and nothing more, and, in the absence of anything to show a contrary intent, it speaks for itself. It must be remembered that this is the borough's own requirement, to which the defendant was asked to submit, and it had the right to infer that it meant what it plainly said, and nothing more. The obligation of the defendant. is to be found in its acceptance of the grant. The act of assembly incorporating these companies is silent as to their duty in respect to the matter here in dispute, except that permission must first be obtained from the local authorities, who can prescribe reasonable conditions ; and that is what was attempted in this case. The argument that the liability of the defendant follows from its act of occupying the street cannot prevail in face of the fact that the extent of the liability is defined by the borough. The mere privilege, unaccompanied with conditions, would not of itself impose any burden such as is here claimed. A railway company would have as much right to use the street with its cars, if they could be used with ordinary wheels, as other persons do, and there would be no difference between a street car and a cab or omnibus ; but as they require tracks, which necessarily occupy the street, and to some extent change its character, permission is required to do that which otherwise would be a nuisance.

" If it is claimed that this will put the borough to great expense, if it shall hereafter desire to change the character of our streets traversed by these companies, it may be answered that they had the power of protection in their own hands, and that, in the absence of express liability, the companies ought not to be subjected to great expense merely because the borough authorities may desire to experiment with different kind of paving.

" Even if we are in error on this point, the second proviso above cited clearly prevents a recovery in this case. Assuming that the defendant would be liable to reconstruct the second time with Belgian blocks, that would be the case of a street 'not macadamized,' in which event the borough is to furnish the materials, and until this was done the defendant would not be liable. We are unable at present to give any intelligent construction to the words 'nothing herein contained shall be construed to compel the borough authorities . . . . to furnish any material to said company to macadamize any street between the tracks of said company until said borough directs all of the street to be macadamized,' it having already been provided that such furnishing was only to be done in streets not macadamized. We think, therefore, judgment must be given for defendant.

" It is also claimed on the argument for judgment non obstante, although the point was not made at the trial, that section 4 of the ordinance will prevent a recovery in this suit. It provides that 'if at any time the town council of said borough shall be of opinion that the same [street] is not in that proper order and repair required for the transportation of persons or property along the same,' notice shall be given to the company of that fact, and viewers will be chosen. The borough shall then choose one, the railway company shall choose another, and the two thus chosen shall select the third. If the railway company neglects or refuses to comply with the provisions of the section, then the borough shall select the viewers, whose duty it shall be to 'report whether the said street or streets are in the proper condition for the transportation of persons or property along the same.' If the viewers shall find that said streets are not in said condition, then notice is to be given to the company, and, on their neglect to repair, etc., the borough shall do the work and charge the company with the expense.

" We think this position is not tenable, for two reasons : First, because this was not a case contemplated by said section. It was not pretended on the trial that the streets were not in the proper condition for the transportation of persons or property. The sole contention was as to whether the borough had the right to change the character of the paving and charge defendant with the cost, they having neglected to put down Belgian blocks after notice to do so. And, secondly, as a . general submission to viewers not named, and to be appointed in the future, no matter of dispute having yet arisen, it was revocable, and not binding on either party. The jurisdiction of the court could not thus be ousted : Mentz v. Armenia Fire Ins. Co., 79 Pa. 478; Gray v. Wilson, 4 Watts, 41; Snodgrass v. Gavit, 28 Pa. 224: Lauman v. Young, 31 Pa. 310; Rea's Ap., 41 Leg. Int. 196. The defendant here denies any liability under the law, and hence a submission to viewers would be idle, as they were only to pass upon the question of the condition of the street," etc.

### NORRISTOWN v. CITIZENS PASSENGER RAILWAY CO.

" The opinion just filed in No. 31, March T., 1890, governs this case, and judgment must be entered in favor of the defendant.

" In addition to the defendant's denial of any liability to reconstruct with Belgian blocks it was also claimed in the argument (although this point was not raised at the trial) that by section 4 of the ordinance under which this road was built, it was provided that if at any time the town council should be of opinion that the 'streets were not in that proper order and repair required for the transportation of persons or property along the same,' notice should be given to defendant, and in default of repair by the company the borough should do so and file a claim in the prothonotary's office for the amount, and collection of the same may be made in the same manner and by the same process as is prescribed in the twenty-ninth section of the act of assembly of Pennsylvania approved June 16, 1836, entitled ' An act authorizing the governor to incorporate the Huntingdon and Chambersburg Railroad Company and the several supplements thereto.'

" By the constitution of this commonwealth the legislature

is prohibited from passing any local or special law ' regulating the affairs of counties, boroughs, etc., or providing or changing methods for the collection of debts or the enforcing of judgments,' and ' no law shall be revived, amended or the provisions thereof extended or conferred by reference to its title only,' and yet all these things have been attempted by this borough ordinance. It is clear that the borough councils could not do what the legislature is forbidden to do and the agreement of the defendants does not mend the matter, otherwise each party to a suit might establish a different course of procedure and provide their own method for the collection of claims."

Judgments were entered for defendants and plaintiff appealed.

*Errors assigned* (the same in both cases) were (1–3) the manner in which the point was reserved; these were not pressed; (4) entry of judgment for defendants.

*Charles Hunsicker, Walter S. Jennings* with him, for appellant.

*Joseph Torrance, Henry Freedley* with him, for appellees.

### NORRISTOWN v. NORRISTOWN PASSENGER RAILWAY CO.

PER CURIAM, March 28, 1892:

We affirm this judgment upon the opinion of the learned judge of the court below, refusing a new trial.

### NORRISTOWN v. CITIZENS PASSENGER RAILWAY Co.

PER CURIAM, March 28, 1892:

We affirm this judgment upon the opinion of the learned judge of the court below, refusing a new trial.