## City of Philadelphia, Appellant, *v.* Philadelphia City Passenger Railway Company.

*Street railways—Paving—Lease.*

A street railway company chartered by a special act in 1857 was required under a supplementary act passed in 1863 "to keep in repair only so much of said street as may be within their tracks." Prior to the adoption of the constitution of 1874, the company under the authority of an act of the legislature passed in 1870 executed a lease of its line. *Held,* (1) that the legislature by authorizing the lease enabled the lessee by necessary implication to acquire and exercise all the rights and powers possessed by the lessor; (2) that the city had no power under such circumstances to compel the lessee to keep in repair the portion of the street outside of the tracks.

*Street railways—Paving—Intersection of streets.*

A street railway company was required by its charter and city ordinances to keep in repair the streets on which its tracks were laid. The company occupied two streets which intersected a wide avenue at right angles. The city passed an ordinance providing for the removal of the stone pavement on the wide avenue, and for the repaving of it with asphalt. No reference was made in the ordinance to intersections, and the contract for repaving was made with the contractor as a whole without regard to street intersections. The improvement was undertaken in obedience to public opinion, and with a view to making the street a great public thoroughfare or driveway. *Held,* that the street railway company was not liable for the cost of the repaving so done at the intersections.

Argued April 10, 1896. Appeal, No. 152, July T., 1895, by plaintiff, from judgment of C. P. No. 4, Phila. Co., June T., 1893, No. 67, refusing to take off nonsuit. Before STERRETT, C. J., GREEN, WILLIAMS, DEAN and FELL, JJ. Affirmed.

Assumpsit to recover costs of repaving streets. Before THAYER, P. J.

The facts appear by the opinion of the Supreme Court.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*E. Spencer Miller* and *James Alcorn*, assistant city solicitor, with them *John L. Kinsey*, city solicitor, for appellant.—The street railway company was liable for the cost of paving at the intersections : Philadelphia v. Second & Third St. Ry., 2 Dist. Rep. 705.

The railway company was liable for the paving of Lancaster avenue.

*Ellis Ames Ballard* and *John G. Johnson*, with them *Rufus E. Shapley*, for appellees.

OPINION BY MR. JUSTICE WILLIAMS, October 5, 1896 :

The plaintiff's claim in this case is made up of two items. The larger of these is for the cost of paving done by the city upon Lancaster avenue. The other is for repairing done at the intersection of Chestnut and Broad streets and at the intersection of Walnut and Broad streets. Distinct defenses are made to each of these items ; to the claim for paving done on Lancaster avenue, the defendant replies that the line of railway built upon that avenue was constructed by it as the lessee of the Phila. & Darby Ry. Co. and under the authority of its lessor's charter, granted by the legislature in 1857, and a supplementary act passed in 1863. The supplementary act fixed the extent of the liability of the company for the repair of the streets in these words, " The Phila. and Darby Pass. Ry. Co., shall be required to keep in repair only so much of said street as may be within their tracks." A further supplement authorizing an extension of the railway of the Phila. & Darby Co. was passed in 1868. In January, 1870, this company was authorized to lease its road, property, corporate rights and franchises, and in the following month it executed a lease to the defendant covering its line then in operation, together with its personal property, its corporate

rights and franchises. The several statutes now referred to and the lease to the defendant were prior to the adoption of the constitution of 1874. The legislature by authorizing the lease enabled the lessee, by necessary implication, to acquire and exercise all the rights and powers possessed by the lessor: Pa. Ry. Co. v. Sly, 65 Pa. 205. It took these as its lessor held them, subject to the conditions and burdens imposed by law. We do not doubt that a simple grant of power to a corporation to conduct business in a city leaves the grantee subject, as an individual or a partnership would be, to all reasonable municipal regulations affecting the conduct of the business so authorized: Frankford & Phila. Pass. Ry. Co. v. The City of Phila., 58 Pa. 119. A reasonable regulation of the manner in which the privilege must be exercised is not a denial of the privilege itself; but when the extent of the liability of the corporation to the municipality for taxes or street repairs is fixed by the legislature the city has no power to enlarge it. The attempt to do so would not be the regulation of the manner of the exercise of the privilege, but the imposition of a condition which would operate as a denial. In this case the liability of the Phila. & Darby Co. was fixed by the legislature. Its duty was to repair so much of the street as lay between its tracks and no more. The duty of the defendant, its lessee, is to bear the burden imposed by law on its lessor; and the city can no more add to the burden of the one than of the other.

The second item in the plaintiff's claim stands on wholly different ground. The city decided to pave a portion of Broad street with sheet asphaltum. An ordinance was passed in due form authorizing and directing this work to be done. The street was already paved with stone, but the city determined to remove the stone and repave the street with an improved and a comparatively noiseless pavement. It entered upon this work in accordance with the ordinance and made a contract for it as a whole without regard to street intersections. The Belgian blocks from these intersections were used in paving elsewhere by the city, and the repairing on Broad street went forward, according to the testimony of the chief commissioner of highways, because there was a desire on the part of the public, as well as on the part of the city officers, to make of Broad street an avenue paved with the most improved sort of pavement

throughout its entire length. No portion of Chestnut street or of Walnut street was referred to in the ordinance. They were not found to be out of good repair or directed to be repaired or repaved at their intersection with Broad street or at any other point, but Broad street was dealt with as a whole by the city. Our question is not whether the defendant could have been made liable for the repairing now claimed for under a different ordinance and a different course of conduct on the part of the city, but whether under the ordinance for the improvement of Broad street, now before us, and the line of municipal conduct entered upon in obedience to it, the defendant is liable. Upon this question we agree with the learned court whose judgment is before us. The ordinance did not contemplate, or provide for, the improvement of Chestnut street or of Walnut street. It did not impose, or profess to impose, any duty upon the defendant in regard to either; it provided for the repaving of Broad street with an improved pavement in obedience to public opinion, and with a view to making it a great public thoroughfare or driveway. The contract treated the subject in the same manner. It made no provision for work at the intersection to be done by others, but required the contractor to proceed with the work as one continuous undertaking.

The effort to charge the defendant with a portion of the cost seems to have been made after the ordinance was passed and the contract made, and upon a point not contemplated by either.

The judgment is now affirmed.