# Williamsport, Appellant, *v.* Williamsport Passenger Railway Company

*Street railways—Special charter—Duty to repave streets—Act of April 15, 1863, P. L.* (1864) 1080.

Where a street railway is incorporated under a special charter which provides " said company, in constructing said road, shall conform to the grades now used, or hereafter to be by law used, of the several streets, roads and avenues traversed by said road, and keep the same in good

repair, at the proper expense of said company," and it has kept the portion of the streets occupied by its railway in good repair, it cannot be required to pay for repaving them with a new and different kind of pavement adopted by a city whose streets it traverses.

Argued March 19, 1903. Appeal, No. 52, Jan. T., 1903, by plaintiff, from judgment of C. P. Lycoming Co., March T., 1901, No. 149, on verdict for defendant in case of City of Williamsport v. Williamsport Passenger Railway Company. BeforeMITCHELL, DEAN, FELL, BROWN and POTTER, JJ. Affirmed.

Assumpsit to recover from the defendant the cost of paving between its tracks with asphalt and vitrified brick. Before HART, P. J., without a jury.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for the defendant. Plaintiff appealed.

*Error assigned* among others was in entering judgment for the defendant.

*John J. Reardon,* with him *F. P. Cummings,* city solicitor, for appellant, cited: Phila. v. Thirteenth and Fifteenth Street, Passenger Ry. Co., 169 Pa. 269; Phila. v. Ridge Avenue Passenger Ry. Co., 143 Pa. 444; Reading v. United Traction Co., 202 Pa. 571.

*C. LaRue Munson,* with him *Seth T. McCormick* and *Addison Candor,* for appellee, cited: Norristown v. Norristown Passenger Ry. Co., 148 Pa. 87; Chicago v. Sheldon, 76 U. S. 50; Western Paving, etc., Co. v. Citizens' Ry. Co., 128 Ind. 525 (26 N. E. Repr. 188); Gilmore v. Utica, 121 N. Y. 561 (24 N. E. Repr. 1009); State v. Corrigan Ry. Co., 85 Mo. 263; Blount v. Janesville, 31 Wis. 648; Leek Imp. Commrs. v. Justices of Stafford, L. R. 20 Q. B. Div. 794; City of Phila. v. Hestonville, etc., R. R. Co., 177 Pa. 371; Williamsport v. Williamsport Passenger Ry. Co., 203 Pa. 1.

OPINION BY MR. JUSTICE BROWN, May 4, 1903:

The Williamsport Passenger Railway Company was incorporated by Act of April 15, 1863, P. L. (1864) 1080. It was

authorized to construct a railway in the borough of Williamsport, now the city of Williamsport, and to lay its tracks on the streets of the borough. At that time there was no general act relating to the incorporation of street railways, and the powers, privileges, duties and obligations of each particular company were defined in the act creating it. The right of this company to use the streets of the town was absolute and depended upon no municipal consent. The only conditions annexed to the power given it to occupy the streets were " that no freight or burden trains, or locomotives, shall be permitted to pass over the same," and " that said company, in constructing said road, shall conform to the grades now used, or hereafter to be by law used, of the several streets, roads and avenues traversed by said road, and keep the same in good repair, at the proper expense of said company."

In the construction of its railway the appellee occupied, among other streets, East Third, West Fourth and Basin. Until the present controversy arose between the railway company and the city of Williamsport, East Third street, from the curb line to the railroad tracks, was paved with what is known as Telford macadam, and the appellee had the same kind of pavement between its tracks. West Fourth street was paved with a wooden block pavement, except the space between the tracks of the railway company, which was paved with mountain stone, laid on a broken stone foundation; and Basin street had not been paved at all, except between the tracks of the railway company, where, as on West Fourth street, it was paved with mountain stone, laid on a broken stone foundation.

In the summer of 1900 the city of Williamsport repaved East Third street from the curb line to the railway tracks with the best quality of vitrified brick, laid on a hydraulic cement foundation, and notified the defendant to put in suitable order that part of the street occupied by the railway, and that the engineering department of the city would, upon application, furnish it with the proper grade. This grade was furnished by the city. In order to adjust its tracks to the grade, the macadam pavement between the tracks was removed by the defendant company, the tracks were brought to grade, and the company then proceeded to relay the space between its tracks with a good quality of macadam, which, when completed, as shown by the

city's own evidence, would have been done "as well as that kind of work could be done." When the company had completed a portion of the repaving between its tracks with macadam, in the manner just stated, the city gave notice to it to stop repaving in that manner, removed the macadam which it had placed between the tracks and replaced the same with vitrified bricks on a concrete foundation, in conformity to the pavement from curb to curb. During the same summer the city paved Basin street with virtified brick and repaved West Fourth street with sheet asphaltum, laid on a concrete foundation. What occurred between the city and the railway company on East Third street was substantially what took place as to these two other streets; and, after the city has repaved the space between the tracks on the three streets named, this suit was brought against the railway company to recover the cost of doing so.

The appellee raises no question as to its duty, made known to it by the express words of its charter, to keep " in good repair " those portions of the streets occupied by its railroad; but it does insist that, as its declared duty is only to keep them in " good repair," it cannot be required to repave them with a new and different kind of pavement adopted by the city. The streets of the city are occupied by the railway company, not with its consent, but without it. The legislature, which was supreme in its authority over the streets of the borough of Williamsport, gave to this passenger railway company the right to occupy them. In the grant of that right, and nowhere else, must be found what conditions, if any, are imposed upon it. No power was delegated to the municipality to make conditions, but the legislature, reserving that power to itself, imposed, as the only conditions, those already stated; and the duty of the railway company is, therefore, manifestly only to keep " in good repair " those portions of the streets occupied by its tracks.

There is no finding that the appellee had failed to keep the space between its tracks in good repair. On the contrary, the findings are, that on East Third street the space between the tracks had been paved with Telford macadam paving, and that the railway company was about to repave between its tracks and to make a paving therein " with macadam of good condition, and as well as it could be done and equal to the pavement which had been previously laid on that portion of the street,"

when it was prevented from completing said repairs by the police force of the city of Williamsport, acting under the direction of the mayor ; that there was no evidence in the case that the portion of the street between the tracks on Basin street was out of repair, or not in suitable condition; that there had been a pavement on West Fourth street, between the tracks of the defendant, and that it was in better condition than the remainder of the street, and that, when the railway company was about to repair the said space between the tracks by replacing the kind of pavement thereon in a good and substantial condition, it was prevented from doing so by the police force of the city of Williamsport, under the direction of its mayor.

The city, however, was not satisfied that the space between the tracks, as maintained up to the year 1900, should be kept " in good repair " by the railway company, but, when it determined to pave one of the streets and repave the other two, it assumed the right to shift from itself to the appellee the burden of paving and repaving those portions of the streets occupied by the railway. As the borough of Williamsport had no right, when the railway company first went upon its streets, to confront it with any conditions, the city of Williamsport, its successor, has no right to do so now by imposing any burden upon it. The city's sole right is to ask that the railway company be compelled to perform the duty which the legislature said should rest upon it. Under the findings of the learned court, it has not failed to perform that duty. The measure of its duty, as read in the act, is to keep its portion of the streets " in good repair; " the measure that the appellant would mete out to it is not only to repair, but to repave, by substituting for an old pavement that had been kept in good repair a new one, adopted by the city. By this latter measure, the duty of the appellee is not to be gauged, and the judgment of the court below was rightly that it had not been in default. Its duty to repair is a continuing one and hereafter will be to keep in repair the new pavement laid by the city.

There is nothing in the charter of the railway company requiring it to put the streets in repair; the duty is simply to keep in repair. In Williamsport, to use, etc., v. Williamsport Pass. Ry. Co., 203 Pa. 1, the judgment of the court below was affirmed on the opinion refusing a new trial, in which it

was very properly said : " It must be borne in mind that, under the charter of the defendant, it is not liable for paving or repaving streets occupied by its tracks or any portion of them, but only for keeping the streets in repair."

Philadelphia v. Ridge Ave. Pass. Ry. Co., 143 Pa. 444, and Philadelphia v. Thirteenth and Fifteenth Streets Ry. Co., 169 Pa. 269, are cited in support of the contention of the appellant that the appellee's duty to repair includes the duty to replace an old pavement with a new and improved one ; but, of these two cases, we said, in Philadelphia v. Hestonville, etc., R. R. Co., 177 Pa. 371 : " In neither of these cases was the question involved. In the latter case the company was subject to the ordinance of 1857 which expressly required it ' to be at the cost and expense of maintaining, paving and repairing,' the streets occupied by it. The same is true of the former, or Ridge Ave. case. The Girard College Pass. Ry. Co. was by the act of April 15, 1858, made subject to the ordinance of 1857. It was merged into the Ridge Ave. Co. and this provision became a part of the law of the consolidated company, and was held to be binding upon it. The question was presented in Norristown v. Norristown Pass. Ry. Co., 148 Pa. 87, and decided in favor of the position of the appellant, by the affirmance of the judgment appealed from, in a short per curiam." In Reading v. United Traction Company, 202 Pa. 571, another case upon which the appellant seems to place great reliance, the street railway company had placed its tracks upon streets of a city with the municipal consent, and on condition that it pave its right of way and keep the same in good repair, or that it pave the said right of way in a specified manner superior to the then construction of the streets, and keep the said paving in good repair.

The question raised on this appeal was settled in favor of the appellee in Philadelphia v. Hestonville, etc., R. R. Co., supra, and further discussion of it is not now needed.

Judgment affirmed.