Opinion by
Head, J.,
This was an action of assumpsit founded on a specialty. Before the practice Act of 1887, P. L, 271, the action would undoubtedly have been debt upon specialty. Although by the very terms of the Act of March 27, 1713, 1 Sm. L. 76,— commonly called the statute of limitations, — such actions were wholly outside its provisions, the learned trial court, adopting the ingenious theory advanced for the defendant, was led to the conclusion that the bar, created by that statute in the actions therein designated, could be successfully interposed to the present action. This resulted in the destruction of what was otherwise a perfectly clear right of recovery on the part of the plaintiff, the court having entered judgment n. o. v. for the defendant. The facts out of which the contention arose, as admitted or established, by the verdict, were briefly these: On April 1, 1893, John Smith, plaintiff’s testator, loaned to his son, the defendant, $1,000, and took from him a judgment note under seal payable in one year after that date. In February, 1896, the father became seriously ill and the defendant went to his house, paid him $125, and forcibly compelled him to surrender the possession of' said note and sign a receipt for $125, purporting to be for the • balance of said .note and for all claims held by the father. The - latter recovered from the sickness and lived until November, 1902. He brought no action, at law or in equity, to recover .the possession of the note itself or the debt evidenced by it, *326 although there was evidence from which the jury could find that he never in any way ratified or condoned the wrongful act of his son, but repeatedly declared that payment was expected and would be exacted.
After the father’s death his executor, in 1904, brought this action. The declaration contained two.counts. The first one was in the ordinary form as if the note were in the plaintiff’s possession. The second count averred the facts as herein above indicated. To this the defendant pleaded non assumpsit, payment and actio non accrevit infra sex annos, and thus the case went to trial. The defendant, upon notice, produced the note and it was offered in evidence. Of course he had the benefit of the presumption of payment arising from his possession of the note and receipt. But this was a rebuttable presumption, and, as the cause was submitted, the verdict establishes that the plaintiff succeeded in overthrowing- it, by the production of evidence satisfactory to the jury, that the note had not in fact been paid and that possession of it had been obtained by the use of illegal means. No proof having been offered in support of the pleas of non assumpsit and payment, except as to the $125, not in dispute, these pleas were ineffectual to prevent a recovery, and a verdict for the plaintiff was returned. Subsequently the court held that the plea of the statute completely barred the plaintiff’s action and entered judgment for the defendant. To this result the language used by Woodward, J., in Evans v. See, 23 Pa. 88, would appear applicable. “It would seem to be a clear dictate of natural justice that such a plaintiff should be permitted, to recover; but in this case he was not, and we are to look into the reasons assigned for denying him a verdict.” These reasons may be thus summarized. A plaintiff who brings an action founded on a specialty must make profert of his deed. To do this he must have possession of it. If he has lost or been deprived of'his actual possession and is thus unable to make profert, his failure to do so may be excused if he is able to aver and prove that he still has a right of possession which he can enforce by some legal remedy. If the present plaintiff, at the time this suit was brought, had begun an action of replevin to recover *327 possession of the note, the defendant could have pleaded the statute of limitations in bar of that action. Had a bill in equity been filed for the same purpose, a chancellor, administering equity in analogy with law, would have refused a decree for the same reason. The plaintiff, therefore, had no enforceable right to the possession of the note and could neither make profert nor excuse his failure to do so. As this result was brought about by the operation of the statute on the several possessory proceedings indicated, the plea of the statute to the present' action must be held to bar the plaintiff's right. The elaborate arguments furnished us in the opinion of the court below and the brief of counsel, teeming, as they are, with the fruits of exhaustive industry, disclose no case that can be said to be authority for the conclusion reached, and after an attentive consideration of the line of reasoning advanced in support of it, we are all of opinion it is more plausible than convincing.
Professor Wigmore in vol. II, sec. 1179 et seq. of his work on Evidence discusses, historically and analytically, the origin and object of what he calls the “rule of profert.” In the earliest days of trial by jury indentures, solemnly executed under seal, were rare and infrequent and likely to be of common interest and note in the vicinity. It was then deemed proper that a jury, in their deliberations at the conclusion'of a trial, might take cognizance of such an instrument,' if its existence was within their own knowledge, even though it had not been produced hi court at all. As such instruments became more common it was found that the practice indicated 'often resulted in undue advantage to one of the parties as it prevented the other, who had no notice that his adversary intended to rely on some deed, presenting to the jury a release, satisfaction or other matter in discharge of the obligation created by the deed. To remedy this mischief “the rule of profert, as a doctrine of pleading” was gradually developed. But it soon became apparent that the application of the rule could not be universal, else the mischiefs it would create would be at least as great as those it was intended to remedy. So for perhaps two centuries it has been held that, in a case where the possession of the indenture was unjustly detained by the opponent, the *328 rule of profert did not apply. There was no reason why it should and, cessante ratione, cessat et ipsa lex. When a plaintiff had thus put his case outside the operation of the rule, its trial proceeded as if the rule had no existence. Even in those ancient days we find no trace of authority for the proposition here contended for, viz.: that such a plaintiff was obliged to first establish, collaterally, that he had a legal remedy to recover possession of the chattel evidence of his contract before he could enforce an unquestioned right arising out of the contract itself. Much less can we discover in more modern times any such authority.
If the note in suit, dated in 1893, had been made payable twenty years after its date, no right of action upon it would have accrued to the plaintiff until its maturity in 1913. Yet, if the .theory of the appellee be correct, that right, by the operation of the statute of limitations, would have been barred in. 1902, eleven years before it accrued. Such a. conclusion would border closely on-the absurd.
Even in a proper case .for the application of the statute, its effect is to bar the action, not to destroy the abstract right. “The statute, bars the action, and does not begin to run until the right of action accrues:” Evans v. See, 23 Pa. 88. So it may well be that where the law gives to a party a remedy by two different actions, the.statute may bar the one and not the other. In Presbyterian Church v. Conlin, 11 Pa. Superior Ct. 413, the owner of a building had a right of action against his contractor arising out of their contract not under seal. Conlin had become surety for the contractor in an agreement which was under seal. By the default of the contractor, therefore, a right, of action accrued to the owner. against both him and his surety. At the time he brought his action against the latter the statute had. barred his remedy against the contractor. But it was held that inasmuch as the action against the surety rested on a sealed instrument, there was no room for the application of the statute. In Ahrns v. Gas Co., 188 Pa. 249, it is said: “There is no obligation upon a creditor to promptly sue his debtor. The penalty of indulgence by the creditor is not the forfeiture of a right of action against the *329 debtor, unless that indulgence comes within the provisions of the statute of limitations. And in this case, the suit being upon a sealed instrument, the statute of limitations has no application: Davis v. Shoemaker, 1 Rawle, 135.”
In Philadelphia Trust Co. v. Phila. & Erie R. R. Co., 160 Pa. 590, suit was brought on twenty bonds, under seal, of the defendant company. They were in the possession of plaintiff’s testator at the time of his death and had been for many years before. The company set up, by way of defense, that the possession of the bohds was wrongfully obtained by said testator and that their real owner was the company itself. The. court below gave binding instructions for the plaintiff on the ground that there was not sufficient evidence to overcome the presumption of ownership arising from the possession of the bonds. The judgment was reversed and a new trial ordered so that the controlling question, viz.: the real ownership of the bonds, might be submitted to the jury. But the company; if the real owner, had lost the possession much more than six years and, under the theory we have been considering, would have been without a remedy to recover that possession. Did the real ownership become thereby a thing of no value to it?
We are not to be understood as acceding here and now to the proposition that the present plaintiff could not have recovered possession of the note in an action of replevin. We see no occasion to attempt to decide that question in a proceeding wholly collateral. Speaking for myself, I think many strong reasons could be advanced, from the facts that would probably appear in the trial of that case, for holding that the statute would be tolled. We do hold, however, that in the trial of an action of debt, now assumpsit, on specialty the statute of limitations has no application. This is plainly written in the terms of the act itself and emphasized in all the decisions. The jury having found, upon sufficient evidence and under a-proper submission, that the plaintiff’s testator was deprived of the possession of.his bond by the forcible and wrongful act of the defendant, his right to recover the debt evidenced and secured thereby, remained as complete and unimpaired as *330 if the tortious act had never been committed. The assignments of error must therefore be sustained.
Judgment reversed and judgment is now entered for the plaintiff on the verdict. Costs of this appeal to be paid by appellee.