# Nether Providence Township *v.* Philadelphia Rapid Transit Co., Appellant.

*Street railways—Municipalities—Contract—Repairs of streets— Changed conditions—Affidavit of defense.*

1. A street railway company is bound by its agreement to repair a highway on which its tracks are laid, where such understanding is set forth in its franchise.

2. The change of conditions caused by the use of motor trucks and other heavy vehicles, not thought of at the time of the construction of the road, cannot relieve the railway company from its obligation to perform its contract, though the expense involved is greater than anticipated.

3. In an action by a township against a street railway company to recover the cost of repairing a road by macadam, where it appears that the company had contracted to keep the road "in good order, repair and travelable condition," an affidavit of defense which does not deny the bad condition of the road, nor aver that the cost was excessive, is insufficient if it merely avers that the road as completed was inadequate for modern automobile traffic, and therefore useless, and that the use of tarvia to bind the macadam unduly increased the expenditure, it appearing that the use of tarvia was for the benefit of defendant in making less frequent the necessity for new repairs.

4. A municipality may not order a change in the character of the construction of a public highway occupied by a street railway, and charge the cost thereof to the company, in the absence of an agreement on the part of the company to pay for such repaving.

Mr. Justice Schaffer, dissented.

Argued February 19, 1924. Appeal, No. 250, Jan. T., 1924, by defendant, from order of C. P. Delaware Co., March T., 1923, No. 92, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Nether Providence Township v. Philadelphia Rapid Transit Company. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Affirmed.

Assumpsit for cost of repaving a road.

Rule for judgment for want of a sufficient affidavit of defense. Before Broomall, J.

The opinion of the Supreme Court states the facts.

Rule absolute: 16 Delaware Co. R. 403. Defendant appealed.

*Error assigned* was, order, quoting record.

*E. Wallace Chadwick,* and *Frederick L. Ballard,* with them *Coleman J. Joyce,* for appellant, cited: Williamsport v. Ry., 206 Pa. 65; Phila. v. Ry., 177 Pa. 371; Spiese v. Trust Co., 258 Pa. 422; Bigham v. Ry., 223 Pa. 106; Fleming v. Beck, 48 Pa. 309; Norristown v. Ry., 148 Pa. 87; Chambersburg v. Ry., 258 Pa. 57.

*W. Roger Fronefield,* for appellee.

Opinion by Mr. Justice Sadler, March 17, 1924:

The supervisors of Nether Providence Township, in Delaware County, granted a franchise to a street railway company, now merged with the Philadelphia Rapid Transit Company, permitting occupation of a certain road on condition that it should be kept "in good order,

repair and travelable condition." Other stipulations were made, but a consideration of them is not material here. After many years, it became necessary that the highway be renewed, and there followed a demand on the defendant, successor to the original grantee, to do the required work. This request not having been complied with, the repairs were carried out by the plaintiff. The plan of construction originally used was followed, and the highway remacadamized. In addition, its surface was covered with "tarvia," which caused an increase in cost.

An action of assumpsit was brought to recover the amount expended, and liability is denied on the ground that the new roadway was built at an excessive price, due to the materials used, and, further, that the parties had not contemplated, at the time of the making of the contract, that the railway company should pay for repairs other than those made necessary by the traffic of the character at that time existing. The employment of automobiles naturally led to a greater wear and tear on the thoroughfare, and it is averred that the rebuilding of the road, though admittedly in bad condition, is a useless outlay, since such construction is not of sufficient durability to withstand the burden imposed by modern transportation.

The questions raised have been the subject of much contention. As pointed out in many of our cases, including one this day decided (Borough of Swarthmore v. P. R. T. Co.) [the next case], a street railway company is bound by its agreement to repair a highway on which its tracks are laid, where such understanding is set forth in its franchise. A condition precedent must be complied with, even though it endangers the financial solvency of the company. No right to construct a street railway exists without municipal consent, and if a corporation sees fit to invest its moneys on the basis of an ordinance imposing certain duties, it does so at its own

risk, and must, in good faith, comply with the agreement into which it enters.

The extent of liability of the company to make repairs, when it has constructed its line upon a highway, depends on the circumstances. Its duty is always to keep in passable condition the portion of the street which may be used by it. But there is no common law obligation to make changes, conforming with new plans which may be adopted by the municipalities through which it passes. A different situation is met when it appears that, in consideration of its grant, it has agreed to follow, in the future, such plan of paving as may be demanded by the grantor. This distinction is well shown in Williamsport v. Williamsport Pass Ry. Co., 206 Pa. 65; Phila. v. Hestonville R. R. Co., 177 Pa. 371; and, though no discussion of the proposition appears, such were the facts appearing in Chambersburg v. C. & G. Ry. Co., 258 Pa. 57, and Sayre Borough v. Waverly Trac. Co., 270 Pa. 412. A new and more expensive repaving cannot be demanded so long as the right of way is kept in a reasonably passable condition, unless there has been a contract to do so.

In the present case, the grant was on the understanding that the road to be occupied should be kept "in good order, repair, and in travelable condition." At the time of the construction, the highway was macadamized, but it became, as admitted by the pleadings, full of ruts and holes, and its replacement was demanded for the safety of the public. It is true that a change in its use occurred, not contemplated at the time the ordinance was passed, and the roadway deteriorated more rapidly than considered likely when the contract was made, but this does not excuse the defendant from its duty to carry out the obligation undertaken, and it is bound to pay for the repairs made, unless the character of construction constituted a new or unnecessary change.

The affidavit of defense and the stipulation filed admit that the township road needed new macadamizing.

There is no assertion that the work done was "repavement," nor any denial made that the highway required repair, nor averment that the cost incurred by the township was unreasonable. The defense is based on the claim that the road as completed will be insufficient for modern needs, and therefore the outlay made was useless; and, further, that at the time of the execution of the contract the possibility of the greatly increased traffic could not have been contemplated; consequently, the outlay which followed was not in the minds of the parties. It is also insisted that the use of tarvia to bind the macadam road unduly increased the expenditure. In paragraph 10 of the statement of claim, admitted to be correct, it is averred the road was "in very bad order and repair, and was not in travelable condition; it was full of pot holes, ruts, loose stones, and was dangerous to the traveling public." A like allegation in paragraph 11 is agreed to, and it is conceded that the next section correctly states that the amount claimed was spent by the township to put the road "in good order, repair, and travelable condition." There is no denial of the facts set forth in paragraph 13, that "the charges and costs thereof were the proper, reasonable and just charges for such work, and labor, and material." No statement is made that the work constituted a repaving, though it is insisted, as already noted, that the use of tarvia added to the cost. To our minds, this action would be of benefit to the defendant, in making less frequent the necessity for repairs, for the price of which the company is bound. The change of conditions caused by the use of motor trucks and other heavy vehicles, not thought of at the time of the construction of the road, cannot relieve the railway company from its obligation to perform the contract which it entered into, though the expense involved is greater than anticipated: Collingdale Borough v. P. R. T. Co., 274 Pa. 124.

We are not to be understood as saying that a municipality may order a repaving, or a change in the character

of construction of the public highways occupied by a street railway, in the absence of an agreement on the part of the company to so do. If the franchise has been granted on condition, the agreement made must be complied with, for an express obligation must be satisfied, and the necessary improvement made, or the cost thereof paid if advanced by the municipality; when, however, the only understanding is that the roadway occupied shall be kept in repair, then its duty is limited to keeping that portion in a reasonably passable condition. It follows from what has been said that the assignments of error in the present case should be overruled.

The judgment is affirmed.

DISSENTING OPINION BY MR. JUSTICE SCHAFFER.

For the reasons stated in my dissenting opinion in Swarthmore Borough v. Public Service Commission, 277 Pa. 472, I cannot agree with the conclusion reached in this case.