# City of Philadelphia v. The Reading Transit Company.

*Augustus T. Ashton,* City Solicitor, for plaintiff.

*Robert T. McCracken,* for defendant.

BROWN, JR., J., May 28, 1931.—Plaintiff has brought suit in assumpsit to recover for paving, repaving and repairs made by it upon certain of its streets used by defendant in the operation of an electric street railway, consisting of nine separate items totaling $375,077.09. Two of the items ($111.62 and $1164.22) are for repairing and the other seven are for repaving. Defendant admits liability for the former in its affidavit of defense, but denies responsibility for the repaving on the ground that it "constituted a new, different, improved and more costly pavement than theretofore existed." It also sets up the six-year provision of the statute of limitations; and that there was no contract entered into by it with or for plaintiff's benefit. Plaintiff is now taking this rule for judgment for want of a sufficient affidavit of defense.

The determination of the questions involved depends upon the provisions of the two agreements entered into between plaintiff and defendant's predecessors. On April 28, 1893, plaintiff and The Wissahickon Electric Passenger Railway Company entered into an agreement (hereinafter referred to as the Wissahickon agreement), pursuant to the Ordinance of February 17, 1893, as amended by the Ordinance of March 30, 1893, granting said company permission to lay tracks and to operate electric cars over certain of plaintiff's streets; and on May 15, 1894, plaintiff and The Manayunk and Roxborough Incline Plane and Railway Company entered into an agreement (hereinafter referred to as the Roxborough agreement), pursuant to the Ordinance of March 28, 1894, granting said company permission to operate electric cars over certain of its streets. The franchise rights of these two companies devolved to defendant by way of merger, lease and change of corporate name, the defendant being the operating company during the times the paving here in question was done by plaintiff.

"The extent of liability of the company making repairs, when it has constructed its lines upon a highway, depends on the circumstances. Its duty is always to keep in passable condition the portion of the street which may be used by it. But there is no common law obligation to make changes, conforming with new plans which may be adopted by the municipalities through which it passes. A different situation is met when it appears that, in consideration of its grant, it has agreed to follow, in the future, such plan of paving as may be demanded by the grantor. . . . *A new and more expensive repaving cannot be demanded so long as the right of way is kept in a reasonably passable condition, unless there has been a contract to do so:*" Nether Providence Township *v.* P. R. T. Co., 280 Pa. 74, 77. See, also, Swarthmore Borough *v.* P. R. T. Co., 280 Pa. 79, 83. The paving involved in the present case was "new, different, improved and more costly," and so the determination of defendant's liability therefor depends upon the provisions of the two agreements which were made with its predecessors.

It is plaintiff's contention, however, that "the duty to repair, where it exists, extends to the replacement of an old pavement by a new one of a different and improved kind," citing Philadelphia *v.* Thirteenth and Fifteenth Streets Passenger Ry. Co., 169 Pa. 269, 280 (which relied upon Philadelphia *v.* Ridge Avenue Passenger Ry. Co., 143 Pa. 444, 471, 472), Reading *v.* United Traction Co., 202 Pa. 571, 574, and Chambersburg Borough *v.* Chambersburg & Gettysburg Electric Ry. Co., 258 Pa. 57, 61. These decisions are not controlling. "In neither of these cases [Philadelphia *v.* Ridge Avenue Passenger Railway Co., and Philadelphia *v.* Thirteenth and Fifteenth Streets Passenger Railway Co.] was the question involved. . . . The question was presented in Norristown *v.* Norristown Pass. Ry. Co., 148 Pa. 87, and decided in favor of the position of the appellant [the street railway company]:" Philadelphia *v.* Hestonville, etc., R. R. Co., 177 Pa. 371, 377, 378, and Williamsport *v.* Williamsport Passenger Ry. Co., 206 Pa. 65, 70, wherein Mr. Justice Brown distinguished also the case of Reading *v.* United Traction Co., *supra*. In Chambersburg Borough *v.* Chambersburg & Gettysburg Ry. Co., *supra*, the ordinance specifically required the defendant "to pave with material or pavements . . . which may in the future be used or adopted by said borough" (p. 59), of which Mr. Justice Frazer said, at page 63: "The ordinance contemplated the use or adoption of a different method of paving, . . . and did not limit that term to the period fixed for completing the work." As Mr. Justice Sadler makes clear in Nether Providence Township *v.* P. R. T. Co., *supra*, p. 77, the "distinction is well shown" in these cases between the common-law obligation and that where a street railway company has agreed to follow such plan of paving as may be demanded by the grantor of its franchises. Where the charter provides for keeping streets in repair, a street railway is not liable for paving or repaving: Williamsport, to use, *v.* Williamsport Passenger Ry. Co., 203 Pa. 1, 4; Williamsport *v.* Williamsport Passenger Ry. Co., *supra*, p. 69.

As the terms of the Wissahickon and Roxborough agreements differ, it is necessary to consider them separately. The latter provides in section two that the company shall "keep and maintain in good order at all times, whether paved, macadamized or unimproved, pavements on all streets, avenues or roads traversed by its lines of railway or its trolley system." Thus provision is made only for repairing. Section three, however, which provides that the company shall repave "all streets to be occupied by it not already repaved . . . and also all other streets heretofore repaved with an improved pavement, the repaving of which is not satisfactory to" plaintiff's department of public works, "such repaving shall be commenced . . . as soon

as the construction of the road-bed . . . shall be commenced thereon;" and that the "said company shall at all times hereafter keep the said paving in good repair, when directed to do so by the department of public works, so long as the said trolley or other electric motive-power system shall be maintained on said streets," contains also the following proviso: "That such repaving or repairing aforesaid shall not free the said company from any other paving, repaving and repairing the streets occupied by it that may be required by any ordinance of councils that has been passed, or that may be passed, or from any other duty or obligation resting upon it regarding paving and repairing that is incumbent on it under and in virtue of any act of assembly. . . ." Were it not for this proviso defendant's obligation would be only that of making repairs, but it specifies "any other paving;" hence, defendant was bound thereby to do such repaving as "may be required by any ordinance of councils . . . that may be passed." Under that agreement, defendant's duty to repave only arose *when required by an ordinance of council,* and plaintiff's right to recover for its doing the work could only arise in the event that defendant refused to comply with such an ordinance: Philadelphia *v.* Hestonville, etc., R. R. Co., 203 Pa. 38, 45; Irwin Borough *v.* Irwin-Herminie Traction Co., 301 Pa. 456, 460. That defendant actually knew of the repaving being done by plaintiff, or that written notice, demand and request that defendant do the paving was given it, is immaterial in the absence of such an ordinance: Irwin Borough *v.* Irwin-Herminie Traction Co., *supra,* p. 460. Before the city can call upon the defendant to pay for the repaving it must appear that such an ordinance had been passed, for such was the contract between it and defendant's predecessors. Of the various ordinances which council adopted providing for the repaving of the streets in question only that of April 29, 1920, *required* defendant to do the work. Therefore, as defendant failed to do it after being notified in accordance with the provisions of that ordinance, plaintiff is entitled to recover for the sums expended by it in so doing, totalling $125,116.47. It may be noted that this ordinance stated the defendant was "by ordinance approved March 28, 1894, obligated to keep in repair *and when requested by ordinance* to pave with improved paving any or all the streets occupied by their tracks."

The Roxborough agreement upon which suit has been brought being a sealed instrument, the statute of limitations has no application: Ahrns *v.* Gas Co., 188 Pa. 249, 255. "This is plainly written in the terms of the act itself and emphasized in all the decisions:" Smith *v.* Smith, 35 Pa. Superior Ct. 323, 329. Defendant seeks to avoid this by contending that it was not a party to the Roxborough agreement. But it took possession of franchises of its predecessors and operated the street railway system, so that it seems to us that it is estopped from denying that the agreement is binding upon it: Ahrns *v.* Gas Co., *supra,* pp. 255, 256. The duties and obligations of the original companies have devolved upon and are enforceable against the defendant as a result of the leases and mergers: Philadelphia *v.* Ridge Avenue Passenger Ry Co., 143 Pa. 444, 469; Philadelphia *v.* Thirteenth and Fifteenth Streets Passenger Ry. Co., 169 Pa. 269, 277; Philadelphia *v.* Philadelphia City Passenger Ry. Co., 177 Pa. 379, 381; Reading *v.* United Traction Co., 202 Pa. 571, 576, 577. "When, as here, in consideration of the franchise, it [street railway company] has agreed to make the necessary improvements, the terms of the contract must be complied with, until it has by some recognized legal method been released formally from the agreed obligation, if the right to occupy the street is to be retained, *and this liability extends to the merged or leasing company:*" Collingdale Borough *v.* P. R. T. Co., 274 Pa. 124, 127.

The Wissahickon agreement provided that the railway company shall "keep and maintain in good order at all times, repair and repave with such pavements as councils may by ordinance direct, whether paved, macadamized or unimproved, all streets, avenues or roads traversed by its lines of railways or by its trolley system." Thus defendant was under obligation by this agreement to "repave," but only "with such pavements as councils may by ordinance direct." Councils never directed defendant by ordinance to repave any of the streets covered by this agreement. In the Ordinance of January 31, 1925, there is a proviso that the work of repaving therein authorized shall not relieve defendant "from any obligation or obligations, or any duty resting upon it, regarding paving, repaving and repairing that is incumbent on it under" the Roxborough agreement (although the streets repaved were covered by the Wissahickon agreement), but it contains *no provision directing defendant* to repave, and in the absence of such a direction, defendant is not liable for the work done by plaintiffs: Irwin Borough *v.* Irwin-Herminie Traction Co., *supra*, p. 460; Philadelphia *v.* Hestonville, etc., R. R. Co., *supra*, p. 45.

Plaintiff is, therefore, entitled to a judgment against defendant for the following items of the claim: $125,116.47, with interest thereon from December 10, 1920, $111.62, with interest thereon from May 25, 1925, and $1164.22, with interest thereon from December 21, 1925, as to which its rule for judgment is made absolute; as to the other items, rule discharged. The prothonotary will assess the damages in accordance herewith.