McKeesport Boro. *v.* McKeesport Pass. Ry., Appellant.

*Street railways—Repair of street—Municipalities—Ordinances.*

A street railway company was authorized to lay its track upon a street which had been macadamized at the expense of the property owners.   The ordinance provided that the company should keep in repair that portion of the streets and avenues traversed, and along which said railway may run, between the tracks and a space of one foot on each side thereof.   The ordinance also provided that in case of a change of grade, the railway should

be changed to conform to the new grade at the expense of the company. The borough subsequently resolved to pave the street with Belgian blocks, and notified the company to pave with blocks the street between the tracks, and for one foot outside of the tracks. The company refused to do the paving as requested and merely sunk its rails to the new grade. The improvement was accordingly made by the borough. There was evidence that the space between the tracks and for one foot outside of the tracks was in bad repair before the improvement was made. *Held*, that the question of the company's liability for the paving was for the jury, and that a verdict and judgment for the borough should be sustained.

Argued Oct. 31, 1893. Appeal, No. 66, Oct. T., 1893, by defendant, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1891, No. 399, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Assumpsit for cost of paving street. Before EWING, P. J.

At the trial, it appeared that, on Sept. 22, 1886, defendant obtained the right to construct a passenger railway on Fifth avenue in the borough of McKeesport. This street was the principal street of the borough, and had been macadamized at the expense of the property owners.

The ordinance contained the following clauses :

" 2. The said company to keep in good repair that portion of the streets and avenues over and along which said railway may run, between the tracks and the space of one foot on each side thereof."

" 4. And that said road be constructed in accordance with the established grades of the streets or avenues traversed, and in case of change of grade or improvement of any of the streets or avenues traversed, that said railway be changed to conform to said grade or improvement, as per notice from the borough engineer, at the expense of said company."

The ordinance was accepted by the company, and a single track railway with switches was laid in 1887 or 1888. Evidence on behalf of plaintiff tended to show that defendant did not keep in repair the street between the rails and one foot outside of the rails.

On July 10, 1890, the borough notified defendant that the street was to be paved with Belgian blocks, and directed defendant to pave the street with such blocks between its tracks

and for one foot outside of the track. Defendant refused to pave, and merely sunk the rails to the level of the new grade. The repairs were made by the borough in July, 1890. On Sept. 4, 1890, the company received the right to change from a horse railway to an electric railway. The ordinance giving this right contained the following clause :

" On all streets hereafter contracted to be improved within the borough limits, said company shall pay an assessment equal to the cost of the improvement between its tracks and lines of tracks, and on all streets traversed shall keep the space between its tracks and lines of track in complete repair."

When E. J. Taylor, a witness for defendant, was on the stand, defendant proposed to prove that at the time this ordinance was passed, on Sept. 4, 1890, the contract had been let for the improvement of Fifth avenue from what is known as the " iron bridge " to the city line. And also for the improvement of Third avenue from Market street to the Youghiogheny bridge. This for the purpose of showing that the contract was let for these streets at the time of the passage of the ordinance of Sept. 4, 1890, and the McKeesport Passenger Railway Company had the right to locate their tracks on those streets, and afterwards did locate their tracks thereon, without paying any portion of the improvement, for the purpose of showing the intention of councils as late as Sept. 4, 1890 ; that the McKeesport Passenger Railway Company should not be liable for the improvements of any streets under their ordinances except those that would be improved upon contracts that were entered into subsequent to the passage of that ordinance. Objected to, objection sustained and exception. [2]

The court charged in part as follows :

" [According to uncontradicted testimony, Fifth avenue had, before that time (just the year is not testified to, but about 1876 or 1878), been improved by macadamizing and curbing it, and the cost was assessed on the property holders, so that we have, when this ordinance was passed, an improved street, a paved or macadamized street, and I don't think it is material whether it was macadamized with limestone, paved with cobblestone or with asphalt. It was an improved street at the expense of the property holders, and it is to be presumed that

both parties knew that, and contracted in accordance there-
with.] [3] . . . .

" [It became the duty of the railway company, when the bor-
ough authorities determined to make a change in the grade,
to make its tracks correspond. Now the evidence of the de-
fendants themselves, and there is no contradiction as to that,
is that they undertook to do that merely by sinking their rails
some six or eight inches, leaving the balance between their rails
in the same position. Well, I will say to you that they did not
conform to, and comply with, the conditions of their contract,
that when ' a change of grade or improvement was to be made,
the railway should be changed to conform to said grade or im-
provement.' The borough authorities gave notice to the de-
fendant that they were about to pave this street with block
stone, and required them to put their tracks in repair, to cor-
respond with said proposed improvement. The time given,
seven days, was short. So far as the testimony shows, the com-
pany did not make any objection to that. They did not ask
for any more time; they didn't undertake to do it], [4] and
then the city or the borough authorities did it and claimed to
collect the cost of lowering the street at this place and making
the tracks correspond with the new grade or improvement, and
for the repair of the road. They asked the company to pay for
it. If it was a reasonable repair of the road between the tracks,
and for a foot on each side, that it should be paved with Belgian
block stone, then it is conceded that the amount claimed by the
borough is right, namely: the sum of $9,471.32. The defendant
claims, though, that it was not bound to pay any part of this
expense. We think they were clearly bound, having neglected
to made their track correspond with the improvement or change
of grade, (simply having lowered the rail, without anything
more,) to pay for the expense of lowering their whole track.
We are not prepared to say, on the contrary we instruct you
that it does not follow, that they were bound to pave with Bel-
gian block stone. [We leave that to you as a question of fact
to determine. The borough councils had a right to pave with
Belgian block or asphalt, or anything else, the portion of the
street on each side of their track, going within a foot of it,
and require that the railway company keep its share of the
street in good repair, in reasonable correspondence with the

balance of the street, having proper regard to the travel on the street.] [5] . . . .

" Mr. Taylor, the engineer, says that experience has shown you cannot keep a street car track or road in good repair simply by macadamizing it, unless you put block stone, or something of that kind on each side of the rail.  For a short distance the company had done this.  He says that is necessary to put a track in repair, or to keep it in repair, and gives you the reasons.  He also told you, even if you put nine inches of broken stone on each side of the rail, and then fill the balance with broken stone, what is the difficulty of keeping that in good order.  Now, if this track was out of repair, and it was necessary to repair it, and the company, on notice, neglected to repair it, then the borough was entitled to do so at the cost of the company, and to do it in a reasonable manner.  If it were necessary to do it by putting in block stone on each side of each of the rails, then that cost would be the necessary and reasonable expense, and then if it were necessary to have something filled in, in the balance of the ground between the tracks, also the cost of that.  [If you find that the reasonable way of repairing, and the cheap way in the end for the railway company, was to pave it with the block stone clear through, the cost of that would be the reasonable and proper expense.  Now those are questions of fact for you to determine, and as you find the facts you will find the verdict.] " [6]

Defendant's request for binding instruction was refused. [1]

Verdict and judgment for plaintiff for $10,513.13.  Defendant appealed.

*Errors assigned* were (1, 3–6) instructions; (2) ruling on evidence; quoting instructions and bill of exception.

*E. P. Douglass*, for appellant, cited: Norristown v. Norristown Pass. Ry., 148 Pa. 87; Kansas City v. St. Ry., 85 Mo. 265; Chicago v. Sheldon, 9 Wall. 50; Western Paving and Supply Co. v. St. Ry., 128 Ind. 25; Elliott on Roads and Streets, 594; Coast Line R. R. v. Savannah, 30 Fed. R. 646; Baltimore v. Scharf, 54 Md. 499; Galveston v. Galveston R. R., 46 Tex. 435; Galveston v. Nolan, 53 Ib. 137; Leake v. Phila., 150 Pa. 643; Phila. v. Ridge Avenue Ry., 143 Pa. 447.

. *W. B. Rodgers*, *R. C. Rankin* with him, for appellee, cited : New Haven v. F. H. & W. R. R., 38 Conn. 432 ; Phila. v. Ridge Ave. Ry., 143 Pa. 472 ; Little Rock v. Citizens' Street Ry., 56 Ark. 28.

PER CURIAM, November 13, 1893 :

This case involved questions of fact which were clearly for the consideration of the jury, and hence defendant company's request for binding instructions in its favor was rightly refused. The offer of evidence recited in the second specification was rightly excluded.

The subjects of complaint in the third, fourth, fifth and sixth specifications are portions of the learned judge's charge recited therein respectively. There appears to be no error in either of these of which the defendant company has any just reason to complain. The contract obligation into which it entered, by accepting the ordinance of the borough, was rightly construed by the court. Neither of the specifications of error is sustained.

Judgment affirmed.