## Dock *v.* Cauldwell, Appellant.

*Execution—Debtor's exemption—Nonresidents.*

It is the purpose of the Act of April 9, 1849, P. L. 533, relating to debtors' exemption, to limit its benefits to persons who are in fact bona fide citizens of the state, and not to accord them to fictitious ones.

A citizen is an inhabitant and representative of a place, a constituent member of the local community, and clothed with the rights and immunities which the laws of the state give to that character.

A person is not entitled to the benefit of the exemption Act of April 9, 1849, P. L. 533, where it appears that he formerly resided in this state, that he deserted his wife, and abandoned his business and office in this state, took up his abode in another state, had frequent business visits by appointment just beyond the border of the state, and that he pretended to

have a room in an apartment house in Philadelphia, which he did not inhabit or visit.

Where a person claiming the exemption submits his case to the court below on his answer and the evidence taken under the rule without asking for an issue to decide the disputed facts, he cannot after thus selecting his own tribunal question, on appeal, the jurisdiction of the court.

Argued Oct. 23, 1901. Appeal, No. 161, Oct. T., 1901, by defendant, from order of C. P. No. 3, Phila. Co., Sept. T., 1900, No. 345, refusing exemption in the case of Mary G. Dock v. W. Walter Cauldwell. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Rule to disallow exemption.

The plaintiff filed an affidavit averring that the defendant was a nonresident of the commonwealth, a fugitive from justice, and that he had endeavored to hinder and delay his creditors. The defendant filed an answer denying the averments of the plaintiff's affidavit.

The testimony taken under the rule tended to show that on October 30, 1900, a warrant had been issued for defendant's arrest for adultery, and that thereafter he had been a fugitive from justice. It was shown that he had continuously resided in New York, but pretended to have a room in an apartment house in Philadelphia, which, however, he did not inhabit or visit. It also appeared that he had abandoned his business and office in this state, but had frequent business visits by appointment just beyond the border of the state.

The court disallowed the exemption.

*Error assigned* was the order of the court.

*Joseph W. Gross*, for appellant.—Defendant was a resident: Tasker v. Sheldon, 115 Pa. 107 ; Fisher v. Hummel, 12 Pa. C. C. Rep. 234.

The burden of establishing that a debtor has so acted as to have forfeited his right to exemption is upon him who alleges it and is never presumed: Martin v. Kohr, 19 Pa. C. C. Rep. 513.

A mere casual or temporary absence from a state on business or pleasure will not render one a nonresident, even though he

may not have a house of usual abode there at which a summons might be served during his absence: Fuller v. Bryan, 20 Pa. 144; Horne v. Horne, 1 Del. Co. Rep. 261; Glendenning v. Worrall, 1 Ches. Co. Rep. 145; Keller v. Carr, 40 Minnesota, 428.

A residence of a person having been shown to be in a particular place is presumed to continue there until the contrary is proved: Chaine v. Wilson, 1 Bosworth (N. Y.), 673.

*Joseph R. Embery*, for appellee.—If appellant was a nonresident of Pennsylvania he was not entitled to the benefit of the exemption law: Act of May 8, 1874, P. L. 124; Collom's Appeal, 12 W. N. C. 309; Snow v. Dill, 6 W. N. C. 331.

Defendant was a nonresident: Follweiler v. Lutz, 112 Pa. 117; Hindman's App., 85 Pa. 466.

The jurisdiction of the court cannot now be questioned: Williamson v. Krumbhaar, 132 Pa. 455; Moore v. Dunn, 147 Pa. 359.

OPINION BY ORLADY, J., January 21, 1902:

The sole question in this case is whether the defendant is entitled to claim the benefit of the exemption Act of April 9, 1849, P. L. 533, the decision of which depends on the character of his relation to this state. This act was designed for our own citizens, for the families of the poor who are with us, that the rapacity of creditors might not strip them of every comfort and convenience; and it was held in Collom's Appeal, 12 W. N. C. 309, that nonresident debtors are not within its spirit though not directly excepted by its letter.

The defendant had an established residence and was a citizen of this state; he denies, in his answer filed, " that he intends to give up his residence in Philadelphia, but on the contrary intends to return to said city and now retains his residence at 1900 Chestnut street in said city." Standing alone this would be conclusive, but it is frequently the case that declarations unaccompanied or contradicted by acts are the lowest species of evidence. The defendant was a married man, his wife being the daughter of the plaintiff, and ordinarily the presumption is that the residence of a married man is with his family, but when he lives in open adultery, and for that reason he becomes a

fugitive from justice, very soon after he has pledged all of his personal property for the payment of his debts, the fact of marriage and continuously abiding in another state is persuasive of his not being a citizen of this state, and when taken in connection with the other facts in evidence, viz: abandoning his business and office in this state; his refusal to return after deserting his wife; his frequent business visits by appointment just beyond our border; his indefinite stay in New York; his pretense of having a room in an apartment house, which he does not inhabit or visit, all combine to designate him as,—not a citizen of this state. A citizen is an inhabitant and representative of a place, a constituent member of the local community, and clothed with the rights and immunities which the laws of the state give to that character, or as tersely stated, " A member of the civil state entitled to all its privileges : " Cooley's Const. Lim. 358 notes.

Citizens are the members of the political community to which they belong. They are the people who compose the community, and who in their associated capacity have established or submitted themselves to the dominion of a government: U. S. v. Cruikshank, 92 U. S. 542. It is this character of person who is entitled to the benefit of our exemption laws, for the reason given in Collom's Appeal, supra, viz: " Each state has its own exemption laws for the benefit of its own citizens. If nonresidents are permitted to participate in the benefit thus provided, they may claim it in every state in which they happen to own property. This would likely work great injury to creditors by withdrawing from their grasp money or property which should, in justice, be applied to the payment of their claims."

Residence and domicile are each founded upon intention and from the evidence in this case it was, at the time of the issuing of the fi. fa., and to the date of final decree in the court below, the clear intention of the defendant to remain outside of Pennsylvania indefinitely. It is the purpose of the act of 1849 to limit its benefits to persons who are in fact bona fide citizens of the state, and not to accord them to fictitious ones. The defendant submitted his case to the court below on his answer and the evidence taken under the rule without asking for an issue to decide the disputed facts, and after thus selecting his own tribunal he cannot now question its jurisdiction. The

practice was fully warranted under authority of Moore v. Dunn and Teil, 147 Pa. 359.

The judgment is affirmed.