# Schuylkill Light, Heat & Power Co., Appellant, *v.* Public Service Commission.

*Corporations—Light, heat and power companies—Public Service Commission—Jurisdiction—Approval of ordinance.*

Where a light, heat and power company has applied to the Public Service Commission for the approval of an ordinance granting it rights in a borough, and its application has been refused, it cannot thereafter on appeal be heard to object that the Public Service Commission had no jurisdiction to make the order from which the appeal was taken.

The Public Service Commission has jurisdiction under Article III, Section 11, of the Act of July 26, 1913, to approve or disapprove a borough ordinance granting municipal consent to an electric light company to use the streets of the borough.

An order of the Public Service Commission dismissing a petition of a light, heat and power company for the approval of a borough ordinance granting it the use of streets will be sustained, where the commission found from sufficient evidence that the plant of a protesting company operating in the borough was adequate, its prices reasonable, and service reasonably satisfactory; that it had operated for many years with municipal acquiescence and assent, although no ordinance had ever expressly granted the privilege; and that it would not be beneficial to the public to grant the petition.

In such a case it is immaterial that the petitioning company was operating in the borough before the passage of the Act of July 26, 1913, P. L. 1374, inasmuch as the order does not affect such operation of the petitioning company. It only refuses to sanction an extension thereof under a borough ordinance.

Argued Oct. 31, 1917.    Appeal, No. 29, March T., 1918, by plaintiff, from order of Public Service Commission, dismissing petition in case of Schuylkill Light, Heat & Power Co. v. Public Service Commission of the Commonwealth of Pennsylvania and the Eastern Pennsylvania Light, Heat & Power Company, Intervenor.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Petition for the approval of a borough ordinance.

The opinion of the Superior Court states the case.

*Error assigned* was the order dismissing the petition.

*Arthur L. Shay,* with him *C. A. Snyder,* for appellant. —The question of the jurisdiction of the court over the subject-matter can be raised at any time, even on appeal: Borough of Little Meadows, 28 Pa. 256; Collins v. Collins, 37 Pa. 387; Peter v. Schlosser, 81 Pa. 439; Bower v. McCormick, 73 Pa. 427.

The contract or agreement intended by the legislature in the use of the language in paragraph eleven of Article III, was a contract between a municipality and a public service corporation for lighting the streets.

Had the approval of a license, a franchise, or an ordinance to occupy the streets been intended to go into effect at once, then we contend that paragraph 54 would have been contained in the proviso referred to.

It is shown in this case without contradiction that the Schuylkill Light, Heat & Power Company were doing business in the Borough of Ashland before the passage of the Act of July 26, 1913; therefore, the commission were without jurisdiction in this case: Pennsylvania Utilities Co. v. Lehigh Nav. Elec. Co., 254 Pa. 289.

The appellee company was a mere trespasser upon the streets of the Borough of Ashland, and yet the commission hearkened to their complaint against a company, which had both a legal charter and municipal consent and were also doing business prior to the passage of the act and refused its consent to the ordinance: Sweeney v. Wilkes-Barre, 62 Pa. Superior Ct. 54; Jones v. Schuylkill L., H. & P. Co., 202 Pa. 164; Allentown v. Wagner, 27 Pa. Superior Ct. 485; Citizens Electric Co. v. Lack. & W. V. P. Co., 255 Pa. 145.

*Otto E. Farquhar* and *Joseph DeF. Junkin,* with them *F. C. Newburg, Jr.,* for appellees.—The appellant is pre-

cluded from denying the jurisdiction of the Public Service Commission since said jurisdiction was invoked by the appellant itself: Dock v. Cauldwell, 19 Pa. Superior Ct. 51.

The Public Service Commission has jurisdiction, under Section 11, Article III, of the Public Service Company Law, to approve or disapprove ordinances passed after July 26, 1913, granting municipal consent to electric light companies: Sandy Lake Borough v. Sandy Lake & Stoneboro Gas Co., 16 Pa. Superior Ct. 234.

The Eastern Pennsylvania Light, Heat & Power Company is not operating in the Borough of Ashland without municipal consent; the minutes of the borough council show that consent was given in 1884, and the company has occupied the streets with its poles, etc., and has operated in the borough for twenty-five years and upwards without protest from the borough: Jordan v. Washington & Canonsburg R. R. Co., 25 Pa. Superior Ct. 564; Wilson Twp. v. Easton Transit Co., 258 Pa. 266; Maust v. Penna., Etc., Ry. Co., 219 Pa. 568; Penna. R. R. Co. v. Montgomery County Pass. Ry. Co., 167 Pa. 62.

OPINION BY WILLIAMS, J., April 22, 1918:

The Schuylkill Light, Heat & Power Company filed, August 19, 1913, an application with the Public Service Commission for the approval of an ordinance, passed August 16, 1913, by the Borough of Ashland, granting the company the right to furnish light, etc., therein. The Eastern Pennsylvania Light, Heat & Power Company filed a protest, alleging that it, and its predecessors in title, had been, since 1884, lawfully supplying the borough with electric current for various purposes; and there was no necessity for, nor business enough therein, to warrant two companies.

The commission, after a hearing, found, inter alia, that the protestant's plant was adequate, its prices reasonable, and service reasonably satisfactory; that it had operated for many years, with municipal acquiescence

and assent, although no ordinance had ever expressly granted the privilege; and that it would not be beneficial to the public to grant the petition. From the orders dismissing the petition and refusing a rehearing, entered respectively April 9 and May 22, 1914, we have this appeal.

The evidence sustains the findings of the commission, and we have but to ascertain whether its action in refusing the petition was reasonable.

We cannot agree the commission had no jurisdiction. Appellant selected the forum and, upon an adverse judgment, cannot be heard to complain there was no power to dispose: Dock v. Cauldwell, 19 Pa. Superior Ct. 51. Nor would jurisdiction be lacking under Art. III, Sec. 11, of the Public Service Commission Act, which became operative July 26, 1913, as the ordinance was, for the purpose of this section, a municipal contract. Counsel for appellant lay stress upon the fact that the Schuylkill company was operating in Ashland before the passage of the act. Our decision does not affect such operation, as the orders appealed from only refuse to sanction an extension thereof under the borough ordinance.

We need not consider whether the Schuylkill company is entitled to operate in Ashland under its charter, a fact denied by protestant; or the Eastern company entitled to operate therein by reason of municipal acquiescence, evidenced by twenty-nine years' uninterrupted operation, a position as earnestly denied by petitioner.

The orders of the Public Service Commission are affirmed and the appeal dismissed at the cost of appellant.