## Collingdale Boro. *v.* Philadelphia Rapid Transit Co., Appellant.

*Street railways—Duty to repair streets—Contracts—Municipalities—Public Service Commission—Police power—Act of July 26, 1913, P. L. 1374.*

1. Consent to the occupation of borough highways by a street railway company is required by the Constitution, and the conditions imposed as a prerequisite of entry become contractual obligations, which must be complied with, no matter how onerous, unless stricken down by some proper legislative exercise of the police power.

1922.]                Syllabus—Assignment of Error.

2. The duty assumed is not to be evaded because the burden may reduce the income below a reasonable return on the investment.

3. If the agreement is to keep in repair the streets occupied, the terms of the contract must be complied with, until the company has by some recognized legal method been released formally from the agreed obligation, if the right to occupy the streets is to be retained.

4. Such liability extends to a merged or leasing company.

5. It may be specifically enforced, or the required work may be done by the municipality, and the cost thereof collected from the company.

6. Contracts of such a character made prior to the passage of the Act of July 26, 1913, P. L. 1374, may be enforced, although they have not been affirmed by the Public Service Commission.

7. The Act of 1913, was not retroactive in character.

8. If new rights are asked, based upon a contract prior to July 26, 1913, the approval of the commission will be required.

9. But it cannot be claimed, in the absence of any demand for new rights, that the undertaking was a continuing one, and that when demand for performance was made subsequent to the passage of the act, approval of the reasonableness of the stipulation was then required.

*Appeals—Statement of questions involved.*

10. A matter not suggested in the statement of questions involved, will not be considered on appeal.


Argued February 6, 1922. Appeal, No. 305, Jan. T., 1922, by defendant, from judgment of C. P. Delaware Co., Dec. T., 1919, No. 420, on verdict for plaintiff, in case of Collingdale Borough v. Philadelphia Rapid Transit Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ. Affirmed.

Assumpsit for moneys expended in repairing a street. Before BROOMALL, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $8,682.87. Defendant appealed.

*Error assigned,* inter alia, was refusal of defendant's motion for judgment n. o. v., quoting record.

E. *Wallace Chadwick* and *Frederick L. Ballard,* with him *C. J. Joyce,* for appellant.—The contracts required the approval of the Public Service Commission: Relief Electric Co.'s Petition, 63 Pa. Superior Ct. 1; Scranton v. P. S. C., 268 Pa. 192.

*Morton Z. Paul,* for appellee.—The contracts were binding without the consent of the commission: Citizen's Pass. Ry. v. P. S. C., 271 Pa. 39; Suburban Water Co. v. Boro., 268 Pa. 243; Easton v. Miller, 69 Pa. Superior Ct. 554; Patton Twp. v. Ry., 226 Pa. 372; Chambersburg Boro. v. Ry., 258 Pa. 57; Reading v. U. Traction Co., 202 Pa. 571; Phila. v. Ry. Co., 177 Pa. 379; Mullen v. Traction Co., 20 W. N. C. 203; Pa. Utilities Co. v. P. S. C., 69 Pa. Superior Ct. 612; New Castle Elec. Co. v. P. S. C., 70 Pa. Superior Ct. 20; Allegheny City v. Ry., 159 Pa. 411; McKeesport v. Ry., 252 Pa. 142.

OPINION BY MR. JUSTICE SADLER, May 8, 1922:

The Borough of Collingdale, by ordinances of 1899 and 1903, authorized the Philadelphia, Morton & Swarthmore Street Railway Company to construct its line on Parker Street. Both grants provided for the future repair of the highway at the railway's expense. Subsequently, a merger was had with another corporation, and the consolidated company was leased to the present defendant, which agreed to "pay for all paving done or to be done after the first day of July, 1906, whether or not the obligation to do said paving shall have been imposed by the local authorities before the first day of July, 1906, and Rapid Transit shall also pay any amounts falling due under continuing contracts, the benefit of which is enjoyed by Rapid Transit."

In 1919, the council of the borough determined repairs were necessary on Parker Street, and defendant was requested to make them. Not having complied with the demand, the work was done by the municipality, and an action of assumpsit brought to recover the cost. Several

defenses were interposed, based on the alleged unreasonableness of the claim, but the real controversy was centered upon the proposition that the contracts were unenforceable, in view of the fact that the Public Service Commission had not approved them. This question was raised by demurrer, at the trial, which resulted in a verdict for plaintiff, and again on motion for judgment n. o. v. The three assignments of error urged on this appeal are based upon the same contention.

Consent by borough to occupation of highways by a street railway is required by the Constitution, and their conditions imposed as a prerequisite of entry become contractual obligations, which must be complied with, no matter how onerous, unless stricken down by some proper legislative exercise of the police power. Allegheny City v. Railway, 159 Pa. 411; McKeesport v. M. & R. Ry. Co., 252 Pa. 142; Carlisle & Mechanicsburg St. Ry. Co.'s App., 245 Pa. 561. The duty assumed is not to be evaded because the burden may reduce the income below a reasonable return on the investment. Milwaukee El. Ry. Co. v. Wisconsin, 252 U. S. 100. One of the customary requirements found in such grants is the obligation by the company to repair or repave the streets occupied; though, irrespective of any contract, it is bound to keep in condition the portion of the highway used by it. Reading v. United Traction Co., 215 Pa. 250; Chambersburg v. Chambersburg & G. El. Ry., 258 Pa. 57. When, as here, in consideration of the franchise, it has agreed to make the necessary improvements, the terms of the contract must be complied with, until it has by some recognized legal method been released formally from the agreed obligation, if the right to occupy the street is to be retained, and this liability extends to the merged or leasing company (Philadelphia v. Pass. Ry. Co., 169 Pa. 269) ; and the duty may be enforced specifically (Patton Twp. v. Monongahela St. Ry. Co., 226 Pa. 372; Sayre Borough v. Waverly S. & A. Trac. Co., 270 Pa. 412), or the required work may be done by the municipality, and

the cost thereof collected from the railway: Reading v. United Traction Co., 202 Pa. 571.

Defendant insists contracts of this character are without effect in the absence of approval by the Public Service Commission. Section 11 of article III (Act 1913, P. L. 1374) says: "No contract or agreement between any public service company and any municipal corporation shall be valid unless approved by the commission." It is to be noted this clause was made effective upon the passage of the act (article VI, section 54, July 26, 1913), whereas the legislation generally was not in force until the following January. It would seem, therefore, to have been the legislative intention that the provision for approval was not to be retroactive, but to apply only to agreements entered into after the date fixed. By another section, the commission was given the power to demand the filing of other municipal contracts, but nowhere is it directed that consent to the terms of those entered into before July 26, 1913, shall be obtained.

The claim is made, however, that the undertaking was a continuing one, and when demand for performance was made subsequent to the passage of the act, approval of the reasonableness of the stipulation was then required. If new rights were asked, based upon an agreement prior to 1913, the Public Service Commission would have power to supervise (Schuylkill L., H. & P. Co. v. Pub. Serv. Com., 69 Pa. Superior Ct. 400), but that is not the situation presented here. The contracts of 1899 and 1903 did not require approval, and hence were not brought within its control. It cannot, therefore, be held that the jurisdiction of the court, to enforce the conditions upon which the franchise rests, was taken away.

It is unnecessary to discuss the right of the legislature, in the exercise of its police power, to provide that the cost of repairs of streets be charged to a municipality, though assumed by the street railway company under agreement (See Worcester v. Worcester Con. St. Ry. Co., 196 U. S. 539,—no constitutional requirement of

municipal consent was there imposed) ; or what relief may be given to the company by the Public Service Commission, under circumstances such as here disclosed. The only matter raised, or plainly suggested in the statement of questions involved,—and only such matters are to be considered upon appeal (Furman v. Broscious, 268 Pa. 119),—is the right of the court to hear and determine the present action of assumpsit, based upon contracts made before the Act of 1913 became effective. As already indicated, we are of the opinion jurisdiction of the proceeding was properly entertained, and it follows that the assignments of error must be overruled.

The judgment is affirmed.