## Irwin Borough *v.* Irwin-Herminie Traction Co., Appellant.

Argued September 29, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Fred B. Trescher,* with him *Christ C. Walthour* and *J. E. Kunkle, Jr.,* for appellant.—The traction company is under no obligation to replace a pavement with a new and improved and more expensive style of pavement whenever the borough authorities shall so direct: Phila. v. R. R., 177 Pa. 371; Phila. v. Ry., 177 Pa. 378; Nether Providence Twp. v. P. R. T., 280 Pa. 74; Reading v. Traction Co., 215 Pa. 250.

The company's duty was to maintain and repair. Under certain circumstances this duty might have been a duty to repave and even to excavate and reconstruct foundations but no such set of circumstances was either alleged or proved by the borough in this case: New Cumberland Boro. v. Valley Ry., 8 Pa. D. & C. 514, 519; McKeesport Boro. v. Ry., 158 Pa. 447; Phila. v. R. R., 177 Pa. 371.

*Scott Fink,* with him *J. Raymond Sowash,* for appellee.—The duty of the traction company in this case was not limited to following the method of street maintenance or paving existing at the time it constructed its tracks upon the streets. The acceptance of a franchise by a street railway company requires compliance with all of its terms: Swarthmore Boro. v. P. R. T., 280 Pa. 79; Nether Providence Twp. v. P. R. T., 280 Pa. 74; Collingdale Boro. v. P. R. T., 274 Pa. 124; Sayre Boro.

458

v. Traction Co., 270 Pa. 412; Chambersburg Boro. v. Ry., 258 Pa. 57; Phila. v. Ry., 169 Pa. 269; Reading City v. Ry., 215 Pa. 132; McKeesport Boro. v. Ry., 158 Pa. 447.

OPINION BY MR. JUSTICE SIMPSON, November 24, 1930:

In order to obtain the Borough of Irwin's permission to occupy Pennsylvania Avenue (now a part of the Lincoln Highway), for passenger railway purposes, the Manor Valley Railway Company agreed with the borough to restore the avenue to the same good condition and repair as it was in when the work of constructing the railway was begun, and "therafter, at said company's expense, to maintain and repair with materials prescribed by the council and keep clean so much of the streets and avenues traversed by it......as lies between the rails and for a space of twenty inches outside of the rails. In case of the failure or neglect......to make said repairs, maintain and keep clean said streets and avenues, after ten days' notice,......the said borough may have such work done and collect the cost thereof and ten per cent additional from said company...... Said company shall be subject to and comply with all the conditions of the ordinances now in force, or which may be herafter enacted by the borough, relating to changing, tearing up, or opening of streets and avenues within the borough; and if at any time it shall be necessary to remove said track or any part thereof for the purpose of constructing or repairing public sewers, gas or water lines, or for any other purpose of said borough, said railway company shall take up, remove and relay said track at its own expense. Upon its failure to do so after twenty days' notice......the borough shall have the right to have the same done and collect the cost thereof, with ten per cent additional, from said company." Admittedly, defendant is the successor and assignee of the Manor Valley Railway Company, is now operating a railway on the avenue, and is subject to all the duties

and obligations assumed by that company: Collingdale Boro. v. P. R. T. Co., 274 Pa. 124.

Subsequently, negotiations were entered into, by and between the borough and the Commonwealth, looking to the reconstruction and improvement of the avenue within the borough limits, which resulted in an agreement that it should be regraded and repaved, eighteen feet in width of the improvement to be paid for by the Commonwealth and the balance by the borough. The authorizing ordinance does not say that the then-existing roadway was out of repair, or that defendant was expected to do or pay for any of the work required in the reconstruction. Contracts were duly made by the State and the borough with the lowest bidder, who did the work to their satisfaction, and was paid in full by them. The present suit was then brought to recover for so much of the cost of said work "as lies between the rails and for twenty inches outside of the rails." At the trial, defendant's point for binding instructions was refused, and the jury rendered a verdict for plaintiff. Later, the court in banc dismissed defendant's motion for judgment non obstante veredicto and entered judgment for plaintiff, whereupon defendant prosecuted this appeal. The judgment must be reversed.

Whether or not the avenue needed to be repaired was, in the absence of bad faith or something akin thereto, a matter within the discretion of the borough authorities. If they decided it did, defendant was bound, upon proper notification, to do the work itself or pay for it when done by the borough: McKeesport Boro. v. McKeesport Pass. Ry., 158 Pa. 447. In the present instance, however, there is no proof that the avenue was out of repair, or that the borough had so determined. The evidence went no further than to show that the borough, as a result of the negotiations between it and the State, concluded that the avenue should be reconstructed. True, if it had been shown to be so much out of repair as to need reconstruction, defendant might have been re-

quired to pay for its proportion of the work (Reading v. United Traction Co., 202 Pa. 571; Chambersburg Boro. v. Chambersburg & Gettysburg Elec. Ry. Co., 258 Pa. 57), but, as already stated, there was no such proof. The agreement of the State and the borough to reconstruct and improve the avenue, so as to make it a part of and similar to the balance of the Lincoln Highway, raises no presumption of a need of repairs. Rather it suggests that they wished this great national road to be as complete and satisfactory a piece of work within the borough as it was elsewhere.

Moreover, under its contract, defendant had the right to repair or reconstruct, if either was needed, and the borough's right to recover for itself doing the work, could only arise in case of defendant's "failure or neglect to make said repairs......after ten days' notice so to do": Reading v. United Traction Co., 215 Pa. 250. There is no pretense of any such notice. True, defendant knew of the changing of the grade of the avenue, and was notified to "take up, remove and relay [its] track at its own expense," in order to comport therewith, and this it did. That notice was given, however, in accordance with the latter part of the agreement between the borough and the Manor Valley Railway Company, above recited, and had no relation to the duty imposed in case of repairs needed, as specified in the earlier part of the quotation.

It is true, a district engineer of the borough's department of highways from time to time, as the work progressed, sent to defendant copies of the estimates made in order to determine how much was due to the contractor, together with a statement that a specified portion thereof was payable by defendant. So far as appears, this was not done by direction of the borough council, but resulted from the engineer following his usual practice in such cases. In any event, it could not operate, as between the borough and defendant, to determine that the work done was a repair, or a reconstruction required

because of needed repairs, or to waive defendant's right to have an opportunity, after notice, to do the work itself.

The judgment of the court below is reversed and judgment is here entered for defendant non obstante veredicto.