## Coatesville City, Appellant, *v.* Christiana, etc., Railway Co. et al.

196

Argued January 11, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Francis H. Bohlen, Jr.,* with him *Walter E. Green-wood* and *Saul, Ewing, Remick & Saul,* for appellant.— A street railway franchise must be most strongly construed in favor of the municipality and the public and specific performance may be decreed by a court of equity even though the financial burden on the street railway company is oppressive: Phila. v. Thirteenth and Fifteenth Sts. Ry., 169 Pa. 269; Chambersburg Boro. v. Ry., 258 Pa. 57.

Equity can compel specific performance: Norristown v. Transit & Light Co., 277 Pa. 459; Collingdale Boro. v. Transit Co., 274 Pa. 124; Sayre Boro. v. Traction Co.,

270 Pa. 412; Nether Providence Twp. v. Transit Co., 280 Pa. 75.

This court has in numerous cases construed street railway franchises strongly in favor of the public: Phila. v. Ry., 143 Pa. 444; Nether Providence Twp. v. Transit Co., 280 Pa. 74; Swarthmore Boro. v. Transit Co., 280 Pa. 79.

*A. M. Holding,* of *Holding & Harvey,* with him *John E. Malone* and *F. Lyman Windolf,* for appellees.—The reasonably plain intent of this ordinance is to impose upon appellees the duty to keep in repair, from curb to curb, the streets upon which its line is maintained, and this duty does not comprehend within the obligation of the company the requirement to rebuild or reconstruct the streets of wholly new construction at the will of the city and merely to make more durable streets: Rambo B. & L. Assn. v. Dragone, 305 Pa. 24; Peirce v. Kelner, 304 Pa. 514; Phila. v. R. R., 177 Pa. 371; Nether Providence Twp. v. R. R., 280 Pa. 75; Norristown v. Ry., 148 Pa. 87; Williamsport v. Ry., 206 Pa. 65.

The equitable remedy invoked by appellant will not lie for two reasons: (a) because this court has expressly ruled that the appellant has an adequate remedy at law and is not entitled to a bill for specific performance of the contract; and (b) because the ordinance imposing the obligation furnishes a remedy to the appellant for the breach thereof: Pittsburgh v. Ry., 234 Pa. 193; Chambersburg v. Ry., 258 Pa. 57; Norristown v. T. & L. Co., 277 Pa. 458; Curran v. Delano, 235 Pa. 478; Com. ex rel. v. Evans, 304 Pa. 445; Hill & MacMillan v. Taylor, 304 Pa. 18.

OPINION BY MR. JUSTICE SIMPSON, February 3, 1932:

By an ordinance of the Borough (now the City) of Coatesville, consenting to the occupancy by the Brandywine Electric Street Railway Company, its successors

and assigns, of certain streets of the borough, including therein Main Street (now known as the Lincoln Highway) and Strode Avenue, it is provided that: "The said railroad company in laying its tracks shall conform to the character of paving and macadamizing now on said street, road and avenues and shall conform in like manner with such paving and macadamizing as may at any future time be adopted by the borough council, and said company shall at all times hereafter keep said street, road and avenues in good repair, from curb to curb; the borough to be the sole judge of such repairs as are necessary, and upon the failure of said company to so keep in repair, or to repave or remacadamize when directed so to do, the borough council after ten days' notice to said railway company may do such work and collect the cost thereof from the said company with 20 per cent of cost of the same added thereto." The railway company accepted the terms of the ordinance, and occupied the streets; and defendants, as its "successors and assigns," are now occupying them, and are bound, as it was, to comply with the terms and conditions of the consenting ordinance.

Claiming it was absolutely necessary that certain parts of the Lincoln Highway and Strode Avenue, occupied by defendants, should be repaved from curb to curb in a way specified, the city, by resolution, directed defendants to do the work, and, because they would not do it, filed the bill in equity in this case, praying a decree that defendants be specifically required to perform their alleged duty. Defendant filed preliminary objections to the bill, which the court below sustained, and from the resulting decree of dismissal, the present appeal is taken. The decree must be affirmed.

Two questions are raised: (1) Does the consenting ordinance, when fairly interpreted, require defendants to repave whenever and in the way the city directs? (2) Can the bill be maintained, in view of the fact that the

ordinance specifically provides what shall be the penalty if defendants fail to comply with their alleged duty? The court below, quoting certain provisions of the consenting ordinance which do not appear in the pleadings, sustained the first of these objections. Much can be said in support of this view, despite the admittedly valid rule that provisions in such ordinances must be construed favorably to the interests of the general public, if their meaning is still doubtful, after the usual rules of interpretation have been applied to them; but not having the whole of the consenting ordinance before us, we do not feel justified in passing upon that point. We are clear, however, that the second of defendants' objections must be sustained, and, because thereof, the bill was properly dismissed.

"Where an ordinance required a railway company to repave, using material for the purpose furnished by the municipal authorities, unless such material be, in fact, furnished, no recovery can be had against the company for repaving, which was done by the municipality upon the company's failure to do it on demand": Norristown v. Norristown Passenger Ry. Co., 148 Pa. 87. "Where the consent given by the municipality only authorizes it to charge the railway company......in case the latter fails or neglects to do the work after notice, such notice, unless waived, is a condition precedent to the imposition of liability": Irwin Boro. v. Irwin-Herminie Traction Co., 301 Pa. 456. This principle, so far as statutes are concerned, is embodied in section 13 of the Act of March 21, 1806, 4 Sm. L. 326; and, as relates to contracts, finds expression in the maxim expressio unius est exclusio alterius: Com. ex rel. v. Evans, 304 Pa. 445, 452.

So far as we are aware, there is no authority in this State, which contravenes that principle. The only case referred to by appellant as indicating a contrary view is Norristown v. Reading Transit & Light Co., 277 Pa. 459. In it, however, there was no statement as to the way in

which the railway company should be held liable, if it failed or refused to perform its agreement. In the instant case, this is expressly provided for: "upon failure of said company to so keep in repair, or to repave or re-macadamize when directed so to do, the borough council, after ten days' notice to the railway company, may do such work and collect the cost thereof from the said company with 20 per cent of cost of the same added thereto." As we are clear this is plaintiff's sole recourse, it is not material to inquire why it was so provided, but it may not be amiss to note that the municipal authorities will be far less apt to order such work to be done, without adequate reason, if the municipality has to pay for it when it is done, and possibly may not be able to recover back the amount paid, than they would be if the railway company could be compelled to do the work in the first instance.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellant.