## Croft v. Livingston et al.

*Robert L. Trescher* and *John W. Fawcett*, for plaintiff.

*Michael C. McManus*, for defendants.

ALESSANDRONI, J., May 9, 1952.—Plaintiff, a judgment creditor, has attached the pension of defendant. The Pennsylvania Railroad Company was summoned as garnishee. Defendant is now a citizen of Florida; the judgment upon which the attachment was made was recovered against defendant in the Circuit Court of Hillsborough County, Florida.

Defendant qualified for participation in the pension plan on June 1, 1938. First payment was made to him

on July 1, 1950. Apparently at this time he was still a resident of Pennsylvania. On September 15, 1950, defendant registered to vote in the State of Florida; by stipulation of counsel it is agreed that he is now a citizen of Florida.

Counsel have further stipulated that judgment may be entered for plaintiff and the attachment continued until satisfied if the pension payments are properly subject to foreign attachment.

The statute in question provides, inter alia:

". . . Any annuity or pension, whether by way of a gratuity or otherwise, granted or paid by any private corporation . . . to a retired employee, being a citizen of this commonwealth, under an agreement, plan or trust indenture which provides that the same shall not be assignable or subject to execution or attachment, shall be exempt and free and clear from the claims of all his or her creditors, and from all legal and judicial processes of execution, attachment, or otherwise, whatsoever": Act of May 3, 1917, P. L. 112, as amended by the Act of July 15, 1935, P. L. 1024, 40 PS §515.

The crucial language of the statute is "citizen of this Commonwealth." If defendant is not a citizen of Pennsylvania, and by stipulation he is not, then the act cannot exempt this pension. Exemption statutes are in derogation of the common law and although, once the right is established, some liberality may be allowed in accomplishing their purpose, yet in determining whether one is within the class entitled to such exemption, such acts must be strictly construed: Fell v. Johnston et ux., 154 Pa. Superior Ct. 470.

We take our analogy from the Debtor's Exemption Act of April 9, 1849, P. L. 533, 12 PS §2161. It has been held that the exemption is not applicable to nonresidents: Dock v. Cauldwell, 19 Pa. Superior Ct. 51. "Each state has its own exemption laws for the benefit

of its own citizens": Collom's Appeal, 12 W. N. C. 309. In Dock v. Cauldwell, supra, at page 54, the court said:

"If nonresidents are permitted to participate in the benefit thus provided, they may claim it in every state in which they happen to own property."

In Maschke, Receiver, v. O'Brien, 142 Pa. Superior Ct. 559, 563, the court, speaking of the Act of 1849, supra, as amended by the Act of 1859, said:

"It was thus made apparent that the purpose of the statute was that a judgment debtor should not be left destitute and wholly dependent on the public or charitably inclined persons. . . ."

Despite the language of the court, the case is inapposite. First of all the court was not dealing with a nonresident debtor, and, secondly, the question before the court was the right of the debtor to claim the $300 exemption in money from the proceeds of sale of the only personalty defendant owned.

In another analogous situation the public policy of this commonwealth has been clearly stated. The Act of May 8, 1874, P. L. 123, sec. 4, 42 PS §576, provides, ". . . that any exemption law of this commonwealth shall not be construed to extend to any debtor not a resident thereof." The title of the act was: "To Provide for the Collection of Debts Against Nonresident Debtors".

It is analogous and not controlling per se, solely because it provided attachments for debts of nonresidents not exceeding $100 before an alderman or justice of the peace. However, it is clear that the legislature had no desire to extend the debtor's exemption to nonresidents.

While the general purpose behind exemption acts is laudable, we must not lose sight of the fact that the creditor, too, has rights. In the instant case the creditor was compelled to pursue defendant to Florida in

order to obtain her judgment. Defendant argues that his right was vested on July 1, 1950, and the immunity that protected the pension was not divested automatically when he removed himself from this State. The effect of this argument is to make such pension payments perpetually immune. Plaintiff's quest would then be in vain.

The reasoning underlying the exemption laws is not applicable here. Defendant will not become a public charge of this Commonwealth if he is stripped of his pension, nor will he have to depend on charitably inclined persons here: Maschke, Receiver, v. O'Brien, supra. Opposed to this is the undeniable obligation of a man to pay his just debts.

It is clear then that the controlling date must be that on which the attachment is made.

Construing the statute strictly, as we must, since it is in derogation of the common law, we find that the judgment defendant has failed to meet the requirements of the statute to obtain the exemption. Having failed to meet the requirement of citizenship, the question of whether or not the pension plan complies in other respects with the statute is immaterial, and need not be considered at all.

Therefore, the court enters the following

### Order

And now, to wit, May 9, 1952, defendant's rule to show cause why the writ of foreign attachment should not be quashed is discharged. It is further ordered that judgment be entered against defendant, B. F. Livingston, and Pennsylvania Railroad Company, garnishee, for $2,314.80, plus interest from January 24, 1951, to date of entry of this judgment, said judgment to continue until such time as plaintiff's judgment is satisfied.